# CHARLESTON

## COMER *v.* RITTER LUMBER CO.

Submitted February 20, 1906.          Decided April 24, 1906.

1. EVIDENCE—*Motion to Exclude Improper Evidence—Appeal.*

     One who resists a motion made by a party introducing improper evidence to exclude it from the jury cannot complain, on appeal, of its introduction. (p. 689.)

2. PERSONAL INJURY—*Damages—Infant.*

     An infant cannot recover damages for loss of service during minority arising from personal injury. (p. 690,)

Appeal from Circuit Court, McDowell County.

Action by Arthur G. Comer against the Tug River Coal and Coke Company. Judgment for plaintiff and defendant appeals.

*Reversed.*

J. J. DIVINE and RUCKER, ANDERSON & HUGHES, for plaintiff in error.

E. C. MARSHALL, for defendant in error.

BRANNON, JUDGE:

Arthur G. Comer, a boy between thirteen and fourteen years of age, while in the employ of W. M. Ritter Lumber Company, at a saw mill, was injured by a fragment of the cylinder head of a steam saw mill striking his foot, so injuring three of the toes that a part of his foot had to be amputated. The claim of the plaintiff for recovery is, that the

piston rod which carried the log carriage to and fro, owing to a loose bracket, was in bad condition, which caused it to break and drive out the head of the cylinder, breaking it into fragments, which were scattered around by the force of the steam, one piece striking Comer. It is also alleged that there should have been a barrier to protect the workmen against injury from the blowing out of the cylinder head. Comer by his father and next friend brought an action against the company and recovered $1,200 damages by verdict and judgment, and the company brings the case to this Court.

One question in the case is this. The plaintiff gave evidence over objection to prove that the company had not given instruction to Comer for his safety under the law which requires such instruction in the case of an infant employee. After this evidence was given the plaintiff moved the court to exclude the question and the answer, but the defendant objected to their exclusion. We are of the opinion that this point is untenable. "The appellant must be consistent, and if he asks the court below to make a specific ruling, or to proceed in a certain manner, he cannot complain in an appellate court that the ruling or action is erroneous. He has invited the error and must accept its results, and the appellate court will not reverse a judgment at his instance on account of it." 2 Ency. Pl. & Prac. 519.

Another point is, that several witnesses were allowed to express their opinions to the effect that the operation of that mill or cylinder head, piston rod and bracket was dangerous without protection, meaning some barrier erected to prevent the cylinder head, in case of its blowing out, from flying out and injuring the workmen. The point of this objection is, that this was a subject upon which mere opinion evidence could not be given, but was provable by evidence of facts. In response to this it may be said that the construction and operation of machinery involves technical matters. The witnesses giving this evidence were experienced in the construction and operation of mills, had helped to construct them and operate them, had helped construct this one, and knew much of this mill from personal experience. We think their evidence was admissible. They also stated facts in connection with their opinions touching this mill.

Another point of objection is, that it was incumbent on the plaintiff to prove that the injury was due to the defective condition of the steam feed as a matter of fact, and that the defendant knew or could have known such defect, by reasonable care, and did not provide a safe place for its employees to work in. This is clearly the duty of the plaintiff. He must show negligence in this respect. He must show that the plaintiff's injury proceeded from failure and neglect of duty imposed by law upon the defendant. He must show that the mill machinery was defective and dangerous. Whether he has done so we do not say. That is left for the decision of a jury upon a new trial. Whether the plaintiff was where he should not have been is a question for the jury.

Defendant complains of an instruction given by the court that, "the plaintiff in his action is entitled to recovery, he may recover the value of his time lost during his cure and a fair compensation for his physical and mental suffering caused by the injury, as well as any permanent reduction of his power to earn money." We think this instruction plainly erroneous. It gave the plaintiff recovery of damages from the time of the boy's injury for more than seven years of his minority for loss of service. As appears in *Halliday* v. *Miller*, 29 W. Va. 431, and *Trapnel* v. *Conklyn*, 37 *Id.* 253, the father is entitled to the son's services until his majority. All the books say so. Thompson on Neg., section 7310. 8 Am. & Eng. Enc. L. (2nd Ed.) 651, states that the minor cannot recover as an element of damages for the loss of time during minority. Clearly so, because the father owns the service of the child. Action for loss of service up to majority must be in the name of the father. Counsel for the plaintiff does not deny this legal proposition, but he would meet it by saying that as the father brought this suit as next friend he is estopped from himself bringing another suit to recover damages for loss of service of his son during minority. We think that the Ency. Pl. & Prac., vol. 14, 999, will not sustain this position. True, the case of *Barker* v. *Flint*, 91 Mich. 298, mentioned in the Encyclopedia might seem, only seem, to support that view. It says that when a father sues as next friend for his son, and recovers damages, a suit in his own name to recover for loss of service would be barred. That is plainly so, because he obtains a recovery in

the name of his child, and is estopped from suing in his own name to get a double recovery. That may well be so; but it does not thence follow that because the father is barred that transfers or assigns the right of action to the son. The question is, whether the son can recover for loss of service during his minority. That is our question. We say he cannot recover for want of legal title—for want of right of action. The instruction was erroneous in this matter. We cannot say, as we are asked to say, that the amount of damages recovered would be justified as compensation for damages *after* the boy's majority. The instruction allowed a recovery for all time after the injury, and we cannot guess whether the jury did or did not exclude loss of service during the boy's minority. Indeed, we will presume the jury did not do so, because the instruction would forbid it. We will add that the instruction also allowed damages for the permanent reduction of the boy's power to earn money, when there was no evidence touching that matter, further than the fact of injury. We may say that the loss of one-third of his foot would necessarily diminish the boy's capacity to earn money; but no evidence was given to enable the jury to measure the damages. We do not mean to say that in such case it is possible to give evidence constituting certain data or standard for exact measurement; still it seems that there ought to be some evidence forming a basis for approximate estimate. *Watts* v. *Norfolk & W. R. Co.*, 39 W. Va. 196. Instructions should not be given upon a matter on which there is no evidence, to which the instructions could be applied. *Parker* v. *Bldg. & Loan,* 55 W. Va. 134; *Oliver* v. *Ohio River R. Co.*, 42 *Id.* 703.

It follows that we must reverse the judgment, and set aside the verdict and grant a new trial.

*Reversed.*