### STATEN v. MONROE.

(Court of Civil Appeals of Texas. San Antonio. June 19, 1912. Rehearing Denied Oct. 16, 1912.)

1. MUNICIPAL CORPORATIONS (§ 706*) — STREETS—ACTIONS FOR NEGLIGENT USE—INSTRUCTIONS.

In an action for injuries in a collision with an automobile driven by defendant's servant, where the servant testified that the automobile had a horn, and that he sounded the same on approaching the crossing where the accident occurred, while plaintiff and another witness within 10 feet of the accident testified that they heard no horn or gong, the jury were authorized to infer that, if he sounded the horn, it was not one that could be heard a distance of 300 feet as required by a city ordinance, and hence an instruction that, if the automobile was not equipped with a bell or other appliance for giving notice which could be heard a distance of 300 feet, defendant was guilty of negligence, was justified by the evidence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

2. TRIAL (§ 260*)—INSTRUCTIONS.

In an action for injuries in a collision at a street intersection between an automobile driven by defendant's employé and plaintiff's horse-drawn vehicle, an instruction that if the jury found and believed that the accident was in any degree owing to the want of due care on plaintiff's part, contributing directly thereto, they should find for defendant, so far as it required due care, was sufficiently covered by an instruction given that it was plaintiff's duty to exercise ordinary care, and, if the jury found from a preponderance of the evidence that he failed to exercise such care, he was guilty of contributory negligence, and could not recover, and that ordinary care meant such care as a person of ordinary prudence would have exercised under the same or similar circumstances, and hence the denial of the requested instruction was not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

3. MUNICIPAL CORPORATIONS (§ 706*) — STREETS — ACTIONS FOR NEGLIGENT USE — QUESTIONS FOR JURY.

Where plaintiff driving a horse faster than a walk on the left-hand side of the steet approached the intersection of another street, the view of which was obstructed by a building, it was a question for the jury whether ordinary prudence required, in the absence of any ordinance on the subject, that he should slow up to a walk in approaching the street crossing.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

Where an instruction was requested that if the accident complained of was in any degree owing to the want of due care on plaintiff's part, directly contributing to the accident, the jury should find for defendant, and the court charged that, if the plaintiff failed to exercise ordinary care, he was guilty of contribu-

tory negligence, and could not recover, the omission in the charge, as modified and given, of the words "in any degree," was not raised by propositions that defendant was entitled to have his defenses affirmatively submitted to the jury, and that the law devolved on plaintiff the duty of exercising such care as would be used by a reasonably prudent person under the circumstances.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

5. TRIAL (§ 234*)—INSTRUCTIONS—AFFIRMATIVE SUBMISSION OF DEFENSES.

A requested instruction in an action for negligence that if the accident complained of was in any degree due to the want of due care on plaintiff's part, directly contributing thereto, the jury should find for defendant, was not an instruction undertaking to group and submit the facts on which defendant relied to substantiate his plea of contributory negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 534–538, 566; Dec. Dig. § 234.*]

6. MUNICIPAL CORPORATIONS (§ 706*) — STREETS — APPLICATION OF LAW OF THE ROAD.

In the absence of municipal ordinance requiring persons using a city street to keep or turn to the right of the street, it is not negligence as a matter of law for a person to drive on the left-hand side of the street.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

7. TRIAL (§ 260*)—INSTRUCTIONS.

In an action for injuries sustained in a collision on a city street, it was not error to deny an instruction that, to entitle plaintiff to recover, the accident or injury complained of must have been caused altogether and entirely by defendant's negligence and want of care, and plaintiff must not have directly contributed thereto by negligence or want of prudence, or ordinary care, where the court did charge that it was plaintiff's duty to exercise ordinary care, and, if he failed to do so, he was guilty of contributory negligence, and could not recover, although defendant was also negligent.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by Charles Monroe against C. S. Staten. Judgment for plaintiff, and defendant appeals. Affirmed.

T. L. Camp and Walter Nold, both of Dallas, for appellant. Fannin & Underwood and Carden, Starling, Carden & Hemphill, all of Dallas, for appellee.

JAMES, C. J. Chas. Monroe sued appellant for damages alleged to have been sustained in a collision between the taxicab of appellant and Monroe's rig, consisting of a mare, buggy, and harness. The grounds of negligence charged were that appellant's servant was operating the taxicab at a high and dangerous speed, about 25 miles an hour; that he was not keeping a lookout, nor did he ring any bell, sound any gong, or give any kind of warning of his approach; that said servant saw plaintiff and his outfit in time to have stopped or checked the automobile, but, after seeing plaintiff in a position of peril, negligently and recklessly ran

into the horse and buggy; that there was in force an ordinance of the city of Dallas regulating the operation of motor vehicles in said city, the provisions of which were in various stated respects being violated by defendant's servant at the time and place of this accident, the same constituted negligence causing or contributing to the collision and damage complained of. Defendant answered by general denial and plea of contributory negligence and by trial answer set up that plaintiff, immediately before and at the time of the collision, was violating the law of the road in that he was driving on the left side of the street; that plaintiff was driving at an excessive, unlawful, and dangerous speed; that he carelessly failed to avoid collision with defendant's taxicab, which he could have done; that plaintiff was approaching the street crossing at an excessive, unlawful, and dangerous speed without being able to see up the cross street, all of which negligence contributed to the injury. The verdict and judgment were for plaintiff for $430.50.

The collision took place at the intersection of Harwood and Jackson streets at night, but where the place was lighted by the street lights. The taxicab was being driven westward along Jackson street, which runs east and west, the buggy was being driven along Harwood street, which runs north and south, going in a southerly direction. On the northeast corner of these streets there is a brick structure occupied by the Automatic Telephone Company, and persons driving along Harwood street in a southerly direction, if on the left-hand side of the street, could not see up Jackson street, on account of said building, until they reached the corner, and persons driving along the right-hand side of Jackson street had their view obstructed by said building in like manner.

[1] Appellant's first assignment of error complains of this paragraph of the charge: "If you find and believe from the evidence * * * or find that he, the said Williams (appellant's driver), did not have attached to said automobile a suitable bell or other appliance for giving notice of its approach, so that when such attachment is rung or otherwise operated that it may be heard a distance of 300 feet, * * * then you are instructed that said Williams violated an ordinance of the city of Dallas, and was guilty of negligence as that term is herein used." The criticism made of this charge is, in substance, that there was no evidence tending to show that the automobile was not equipped with a proper attachment for sounding notice of its approach, and, as this was not a matter in issue, the instruction should not have been given, and the giving of it was calculated to mislead the jury and prejudice defendant's case. Williams testified that his taxicab had a horn on it to give warning to people at crossings, and

that on this occasion he sounded the horn on approaching the street crossing as he always did. The witness James testified that he was within 10 feet of the scene, that the taxicab sounded no bell or gong, and it gave no notice of its approach, as he could have heard it had it been given. And plaintiff testified that he heard no bell or gong. The position occupied by these witnesses was such that, if Williams sounded the horn which he said was on the taxicab, the jury were authorized to infer from their testimony that it was not one which when sounded could be heard for 300 feet, or even a much less distance, and hence was not one which answered the requirements of the ordinance. It was an issue whether or not the ordinance was being violated in not having the taxicab equipped with "a suitable bell or other appliance for giving notice of its approach, so that, when attachment is rung or otherwise operated, it may be heard a distance of 300 feet." In view of the testimony above referred to, the issue of that form of negligence existed, and the court did not go outside of the evidence in submitting it.

[2] The second assignment complains of the refusal of this charge: "The court instructs the jury that if they find and believe from the evidence in the case that the accident complained of was in any degree owing to the want of due care and caution on the part of plaintiff, directly contributing to said accident, then your verdict must be for the defendant." It appears that the court charged on this subject as follows: "You are further instructed that it was the duty of the plaintiff upon said occasion to exercise ordinary care, as that term has been hereinbefore defined, for the safety of his said property, and, in the event you find and believe from the preponderance of all of the evidence that the said plaintiff, Charles Monroe, failed to exercise such care, then and in that event he would be guilty of contributory negligence, and cannot recover in this case, even though you should find that said Williams was negligent." Also: "By the term 'ordinary care' is meant such care as a person of ordinary prudence would have exercised under the same or similar circumstances." So much of said requested charge as required "due care and caution" was correctly covered in the court's charge by the expression, "ordinary care."

[3] There was evidence that plaintiff was going faster than a walk towards this crossing. Appellant says that ordinary prudence, in the absence of any ordinance on the subject, would require a person driving to slow up to a walk in passing a corner and approaching a street crossing under the circumstances of this case. This would be assuming as a matter of law a question that addressed itself to the jury.

[4] The failure of the court to use in the

charge the words, "In any degree owing to the want of due care and caution," is a matter which is not dealt with by either of the propositions advanced by appellant.

The propositions are: (1) Defendant is entitled to have his defenses affirmatively submitted to the jury; and (2) the law devolved upon the plaintiff the duty of exercising such care in approaching Jackson street in his vehicle as would be used by a reasonably. prudent person under the circumstances. The charge, as given, submitted the issue affirmatively and submitted it correctly.

[5] The charge requested was not one which undertook to group and submit the facts upon which defendant relied to substantiate the plea of contributory negligence.

[6] The third assignment complains of the refusal of this charge: "The court instructs the jury that as a matter of law the failure to drive on the right side of the street or road is negligence; and if you find and believe from the evidence in this case that the plaintiff was driving on the left side of the center of the street, and that said act directly contributed to the accident complained of, although you should find that defendant had failed to exercise due care, then you will find for the defendant." There was no ordinance shown which required persons in driving vehicles to use the right-hand side of the street. Hence it was not negligence as a matter of law for plaintiff to be using the left-hand side, if such was the fact. When there is a statute or ordinance requiring persons using a street to keep or turn to the right of a street, it seems it would have no application to a case of meeting of a vehicle coming from an intersecting street. The charge was properly refused and also the requested charge referred to in the fourth assignment.

[7] The fifth assignment complains of the refusal of this charge: "The court instructs the jury that, to entitle the plaintiff to recover in this case, the jury must find and believe from the evidence that the accident or injury complained of was caused altogether and entirely by the negligence and want of care by the defendant or its servant or employé, and that the plaintiff did not directly contribute to said accident by negligence or by want of prudence and ordinary care on his part." It appears that the court charged that it was plaintiff's duty to exercise ordinary care for the safety of his property, and, if he failed to exercise such care, he was guilty of contributory negligence, and could not recover, even though the jury should find that the taxicab driver was negligent. In view of this, which was in substance and effect the same, it was not error to refuse the request. However, the only point urged by propositions under this assignment is that plaintiff's own evidence raises an inference of negligence against him.

We cannot agree with appellant that this is the effect of the testimony, nor do we perceive what this question has to do with the assignment.

We overrule the seventh assignment, and find from an examination of the testimony that the verdict was not contrary to the evidence or to the law.

Affirmed.