# CHARLESTON.

## C. C. SWIGER *v.* A. J. RUNNION.

### Submitted February 14, 1922.   Decided February 21, 1922.

1. TRIALS—*Action for Damages to Automobile and Injuries to Wife and Child—General Instruction as to Assessment of Such Damages as Jury May Believe Plaintiff Entitled to is Erroneous.*

   Where action is brought to recover damages arising from an automobile collision for injuries to plaintiff and to plaintiff's automobile, for expenses incurred in effecting the cure of injuries to plaintiff's wife and child and for loss of her services during her illness consequent upon such injuries, it is error to give a general instruction to the jury that if they find that defendant negligently permitted his automobile to run into plaintiff's, and thereby injured plaintiff and his wife and child or any of them, then the jury shall find for the plaintiff and assess such damages as they believe from the evidence he is entitled to, because such instruction does not properly limit or define the damages for which plaintiff is entitled to recover, for the injuries received by his wife and child.  (p. 325).

2. SAME—*Action for Personal Injuries—Contributory Negligence as Defense—Instruction that Defendant who did not Have Automobile on Right Hand Side of Road, is Guilty of Negligence Even Though Plaintiff Did not Have His Under Control is Erroneous.*

   In an action for personal injuries growing out of a collision of automobiles on a public road, where the defense relied on is plaintiff's contributory negligence, it is error to instruct the jury that if they believe that at the time of the collision the defendant's automobile was not on his right hand side of the road there is a presumption that defendant was at that time guilty of negligence, and he is liable to plaintiff for the injuries sustained, and that defendant is not

relieved from such liability even though the jury may believe that plaintiff did not have his automobile under control at the time, because such instruction ignores such defense. (p. 325).

3. SAME—*Action for Damages—Instruction that Plaintiff Who Collided with Defendant's Automobile Cannot Recover is Proper even though Defendant was on the Wrong Side of Street when Collision Occurred, if Plaintiff was Running at Excessive Speed and Did Not Have Automobile under Control.*

In an action for damages arising out of an automobile collision where defendant relied upon plaintiff's contributory negligence as a defense, it was error to refuse the following instruction offered by him:

"The court instructs the jury that if they believe from the evidence in this case that at the time of the injury and collision complained of in this case, that the plaintiff was running on a public highway at a greater rate of speed than is allowed by law and did not have his automobile under control at the time of the accident and as a result he collided with defendant's automobile, he cannot recover in this action because of contributory negligence, even if the jury may believe that at the time of the accident complained of the defendant was on the wrong side of the public road and the jury should find for the defendant." (p. 327).

4. SAME—*Action for Damages— Instruction Improper Which Tells Jury it May Assess Punitive Damages Sufficient to Punish Defendant and Deter Others from Committing Like Offenses in Addition to Compensatory Damages.*

It is error to instruct the jury that if they find the plaintiff is entitled to damages they shall take into consideration the injuries sustained by him and what amount is necessary to compensate him therefor, and that if they further find that the defendant did the injuries complained of in a wanton or willful manner, or from a reckless indifference to the rights and safety of plaintiff or his property, they may find such *further* damages as they may believe the plaintiff is entitled to, in assessing punitive damages the correct rule being that if the jury find that the acts complained of were malicious or wanton or in reckless disregard of plaintiff's rights they may allow punitive damages for such amount as added to the actual damages sustained will be sufficient to punish the defendant and to deter others from committing like offenses. (p. 327).

Error to Circuit Court, Roane County.

Action by C. C. Swiger against A. J. Runnion in trespass on the case, for damages to automobile and for injuries to wife. Verdict for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Harper & Baker,* for defendant in error.
*Thomas P. Ryan,* for plaintiff in error.

MEREDITH, JUDGE:

Plaintiff, C. C. Swiger, sued defendant, A. J. Runnion, in trespass on the case for damages arising out of a collision of plaintiff's with defendant's automobile, about a quarter of a mile east of the city of Spencer on the Spencer-Arnoldsburg pike. There are four counts to the declaration, covering injuries to the plaintiff's car, injuries to plaintiff, expenses incurred on account of injuries to his wife and child, and for loss of services of his wife during her consequent illness, There was a verdict for plaintiff. The court refusing to set aside the verdict on defendant's motion, judgment was entered for plaintiff, and defendant obtained a writ of error to this court.

Defendant's counsel complains in this court of the overruling of his demurrer to the declaration, but neither the printed record nor the original record, which is also before us, shows that any demurrer was entered in the court below. While the demurrer cannot be entered here, it may not be improper to say that in our opinion the declaration is sufficient.

From the record, it appears that plaintiff was driving from Spencer and defendant was driving toward Spencer. The collision occurred at or a short distance beyond a curve in the road, plaintiff's car being on the inside of the curve. A small garage building which then stood about three feet from the inside curb obstructed the view of both parties for some distance at or near the curve. About 75 or 80 feet east of the garage there is a small bridge over which the road runs. About the farther end of the bridge defendant claims he

passed two men with horses, and hence had to pass them on their left, thus throwing his car over on his left hand side of the road, and that he passed the horses slowly and that he did not have time to get his car fully over to his right hand side of the road before the plaintiff's car, which as defendant claims was running at a very high rate of speed around the curve, struck defendant's car; defendant claims that plaintiff gave no warning and did not have his car under proper control, considering all the circumstances, and he relies on plaintiff's contributory negligence as a bar to recovery. Plaintiff claims he gave proper warning, but that defendant was looking down into the bottom of his car and paid no attention to the warning if he heard it; that he, plaintiff, had his car under proper control, and that the collision would not have occurred had defendant not been on plaintiff's side of the road. As is usual in such cases each party seeks to justify himself and to place the whole blame on the other. We express no opinion as to which party is right—we make no comment further than is necessary to afford a clear understanding of the points raised as to the instructions given for plaintiff or refused for defendant.

Defendant complains of instructions numbers 1 to 5 given at plaintiff's instance. Instruction No. 1 tells the jury that if they find that plaintiff was driving his car at a reasonable rate of speed and with his car within his control and on his right hand side of the road, and that defendant carelessly and negligently permitted his car to run into plaintiff's car and cause injury to plaintiff and his wife and child or any of them, then the jury shall assess such damages for the plaintiff as they believe he is entitled to, not exceeding the amount sued for.

The objection to this instruction is that it does not limit or point out the kind of damages for which plaintiff might recover because of injuries to the wife or child. He could recover for the expense incurred by him in effecting their cure and for loss of services of his wife during her consequent illness, but not for permanent injuries to her or the child, or for their pain and suffering. We think the court should not have given this instruction without modification.

90 W. Va.

Plaintiff's instruction No. 3 is as follows:

"The court further instructs you that if you believe that at the time the automobiles of plaintiff and defendant collided with each other, as described in the evidence, that the automobile of defendant was not on his right hand side of the road, that the presumption is that defendant was at that time guilty of negligence and is liable to the plaintiff for any injuries sustained by him, by his wife and child then with him, and to his automobile, and defendant is not relieved from such liability even though you may believe that plaintiff did not have his automobile under control at the time."

This instruction practically told the jury that defendant had no defense; that no matter if plaintiff were driving his car at too high a speed, or for that or any other reason may have lost control of his car and thereby contributed to or caused the injury, yet, the defendant was liable because he was on the wrong side. If they were both at fault and if plaintiff's negligence contributed to the injury, then plaintiff cannot recover. It was plaintiff's duty to have his car under control, not merely such control as might enable him to guide the car and keep it in the road, but such conotrol as would enable him to stop it within half the distance that the road was in view, as required by section 118, chapter 66, Acts 1917. The collision occurred near a curve, and both parties were familiar with the road at that point, and both knew of the frequent use of automobiles upon this road. We think this instruction should not have been given, because it ignores the defense of contributory negligence.

Instruction No. 4 has the same vice that is contained in numbers 1 and 2 relative to the kind of damages for which the plaintiff might recover, and also directs the jury to find for the plaintiff "unless it affirmatively appears that such collision was the fault of said plaintiff." It must be remembered that defendant was not, under the defense of contributory negligence, required to show that plaintiff was wholly at fault; if plaintiff's negligence *in part* contributed to the injury, the plaintiff could not recover.

Instruction No. 5 is proper insofar as it covers compensatory damages, but as to punitive damages is directly con-

trary to many decisions of this court. While the instruction does not mention punitive damages by that name it tells the jury they may in addition to the damages necessary to compensate the plaintiff for the injuries sustained, also find such further damages as they may believe the plaintiff is entitled to in case they believe the defendant did the injuries complained of in a wanton or willful manner or from a reckless indifference to the rights and safety of the plaintiff and his property. As was said by Judge RITZ in the case of *Goodman* v. *Klein,* 87 W. Va. 292, 298, 104 S. E. 726, "the correct rule for the allowance of exemplary damages is that if the jury determine that the acts complained of are malicious or wanton, and in reckless desregard of the plaintiff's rights, they may allow exemplary damages for such amount as *taken together* with the actual damages will be sufficient to punish the defendant and deter others from committing like offenses." To the same effect are the cases of *Claiborne* v. *Railway Co.,* 46 W. Va. 363, 33 S. E. 262; *Allen* v. *Lopinsky,* 81 W. Va. 13, 94 S. E. 369; *Hess* v. *Marinari,* 81 W. Va. 500, 94 S. E. 968; *Pendleton* v. *Railway Co.,* 82 W. Va. 270, 95 S. E. 941; and *Fisher* v. *Fisher,* 89 W. Va. 199, 108 S. E. 872.

Defendant also complains of the court's refusal to give his instruction No. 2 as follows:

"The court instructs the jury that if they believe from the evidence in this case that at the time of the injury and collision complained of in this case, that the plaintiff was running on a public highway at a greater rate of speed than is allowed by law and did not have his automobile under control at the time of the accident and as a result he collided with the defendant's automobile, he can not recover in this atcion because of contributory negligence, even if the jury may believe that at the time of the accident complained of the defendant was on the wrong side of the public road and the jury should find for the defendant."

The court seems to have tried the case on the theory that if defendant was on the wrong side of the road when the collision occurred, he had no defense; that this in and of itself constituted such an offense against the law of the road that no matter whether the plaintiff was negligent or not,

the defendant is liable. The record does not disclose whether the place of the collision is inside the corporate limits of Spencer or in a "closely built up" section, as defined by section 117, chapter 66, Acts 1917, or not. If it were not, it was not unlawful for defendant to drive his car on the left hand side of the road. *Harris* v. *Johnson,* 174 Cal. 55, 161 Pac. 1155; *Staten* v. *Monroe,* 150 S. W. 222 (Tex. Civ. App. 1912); *Giles* v. *Ternes,* 93 Kan. 140, 143 Pac. 491; *Linstroth* v. *Peper,* 188 S. W. 1125 (Mo. App. 1916); *Baker* v. *Zimmerman,* 179 Ia. 272, 162 N. W. 479. Of course, when they approached each other it was the duty of each to pass to the right; but defendant contends that plaintiff was driving so fast defendant did not have time to turn to the right and get out of his way; that plaintiff was coming at such a rapid rate of speed that he did not have his car under control, such control as would enable him to stop his car within the distance required by law, and hence defendant contends that if as a result the collision occurred he is not liable because of plaintiffs contributory negligence. Defendant was entitled to this instruction and it was error to refuse it. We do not think this error was cured by the other instructions given.

Defendant's instruction No. 7 should have been given but its refusal was not error as its substance is covered by defendant's instruction No. 6 which was given, and we see no error in the court's refusal to give defendant's instruction No. 8 as offered, and giving it in its modified form.

For the errors of the court in giving plaintiff's instructions 1, 2, 3, 4 and 5, and in refusing to give defendant's instruction No. 2, we reverse the judgment, set aside the verdict and remand the case for a new trial.

*Reversed and remanded.*