ELLA BARKER *v.* N. H. SAUNDERS

(CC 540)

Submitted October 23, 1935. Decided November 5, 1935.

*D. J. Savage* and *J. Blackburn Watts,* for plaintiff.
*O'Connor & Thompson,* for defendant.

WOODS, JUDGE:

The controlling question raised on this certificate is whether or not the one year statute of limitation (Code 1931, 55-2-12)

applies to a mother's right to recover hospital expenses incurred and paid by her as natural guardian of an infant son by reason of a tort committed on such son by the defendant.

The declaration (filed 1933) is composed of one special count and the common counts in assumpsit. The special count avers, among other things, that the defendant, in August, 1930, did negligently, etc., injure plaintiff's infant son; that as a result thereof it became necessary for plaintiff, as natural guardian of her child, to incur hospital expenses to the extent of $340; that, in June, 1931, a recovery was had against the defendant herein in an action in the name of said infant son, by his next friend; that defendant abided by the judgment of the court and paid the same, whereby his negligence was established; and that plaintiff has paid said hospital expenses, all of which were incurred prior to December 22, 1930.

The lower court overruled a demurrer to the declaration, and sustained a demurrer to defendant's special plea of statute of limitations.

It is well settled in this country that where a minor child is injured by the wrongful act or omission of another, the father, or mother, if she be the natural guardian, may recover for the loss of such child's services and for medical or surgical attendance, nursing, and other expenses, incurred by such parent in consequence of the injury. 20 R. C. L. 615; 46 C. J. 1311; *Taylor* v. *C. & O. Ry. Co.*, 41 W. Va. 704, 24 S. E. 631; *Comer* v. *Ritter Lumber Co.*, 59 W. Va. 688, 53 S. E. 906; *Swiger* v. *Runnion*, 90 W. Va. 322, 325, 111 S. E. 318; *McCallam, Inf.* v. *Hope Natural Gas Co.*, 93 W. Va. 426, 117 S. E. 148; *Cook* v. *Railway Co.*, 97 W. Va. 420, 125 S. E. 106.

Now as to the question of limitation. Is the right of action, whether *ex contractu* or *ex delicto* in form, limited to one year by Code 1931, 55-2-12? "Whenever the injury is merely personal, whether resulting from breach of contract or from tort, the maxim, '*Actio personalis moritur cum persona*,' prevails." *Grubb's Adm'r.* v. *Sult,* 32 Grat. (Va.) 203. Thus no action can be supported either by or against a personal representative after expiration of one year, for injuries to the person, whether by assault, battery, false imprisonment, slander, negligence, or otherwise. *Curry* v. *Mannington,* 23

W. Va. 14, 18; *Flint* v. *Gilpin,* 29 W. Va. 740, 3 S. E. 33; *Kuhn* v. *Brownfield,* 34 W. Va. 252, 12 S. E. 519; *Vencill* v. *Flynn Lumber Co.,* 94 W. Va. 396, 119 S. E. 164; *Birmingham* v. *C. & O.,* 98 Va. 548, 37 S. E. 17. But is the one year provision restricted solely to actions for injuries to the person of the infant?

"According to the great weight of authority an action by a husband for a hurt to his wife is within a statute limiting an action for a 'personal injury'." 37 C. J. 775-6. And, by analogy, it would seem that a like rule should be applied in case of injuries to infant children. Although the right of a parent or a husband in such cases is sometimes spoken of as a property right, yet it is dependent upon the tort to the infant. Actionable negligence on the part of the defendant toward the injured child must be established before a parent or husband can recover. *Regan* v. *Superb Theater,* 220 Mass. 259, 107 N. E. 984; *Thompson* v. *United Laboratories,* 221 Mass. 276, 108 N. E. 1042; *Birmingham Ry.* v. *Baker,* 161 Ala. 135, 49 So. 755; *Central of Ga. Ry.* v. *Robins,* 209 Ala. 12, 95 So. 370. In the case of *Mulvey* v. *Boston,* 197 Mass. 178, 83 N. E. 402, the court in applying a one year statute in a case similar to the instant one, says: "The language of the statute is not restricted to actions for injuries to the person of the plaintiff, and we think it is broad enough to include all actions of tort founded on injuries to the person of any one in such relations to the plaintiff that the injury causes him damage. There is nothing in the context to indicate that the words are used in a narrow sense, or that the actions referred to are only those brought by the person receiving the physical impact." And, as pointed out in *Maxson* v. *Delaware, etc. R. Co.,* 112 N. Y. 559, 20 N. E. 544, it would amount to an anomaly to hold otherwise.

We are therefore of opinion that the trial court erred in its actions on the demurrer to the special plea of statute of limitations, and that as a result thereof plaintiff can not maintain an action due to the application of the one year statute.

*Rulings reversed.*