# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 18-0264** (Jefferson County 19-2017-F-4)

**Damon Daniel Greenfield,**
**Defendant Below, Petitioner**

**FILED**

**March 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Damon Daniel Greenfield, by counsel Kevin D. Mills and Shawn R. McDermott, appeals the Circuit Court of Jefferson County's March 1, 2018, sentencing order following his conviction for one count of possession of material depicting minors engaged in sexually explicit conduct. Respondent the State of West Virginia, by counsel Scott E. Johnson, submitted a response to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2015, the Jefferson County Sheriff's Department initiated an investigation through the Internet Crimes Against Children database, which produced a list of internet protocol addresses in Jefferson County associated with the digital transfer of child pornography. The investigation showed that by April 8, 2016, petitioner's computer was shown to have transferred the digital media files of known child pornography 700 times from a file transfer service called FrostWire. Some files were only partially downloaded to his computer; however, one of the completed downloads with a nearly twenty-seven minute video "consist[ing] of a nude white female child (approximately 5-8 years old) on a bed" while "[a]n adult female perform[ed] oral sex on the child and other acts with sexual instruments. The child then perform[ed] sexual acts on the adult female."

A Jefferson County grand jury indicted petitioner on two counts – one count of possession of material depicting a minor engaged in sexually explicit conduct for six hundred or more images and one count of indecent exposure from an unrelated incident. Petitioner entered a guilty plea to the lesser included offense of possession of material depicting a minor engaged in sexually explicit conduct for greater than 50 images but less than 600 images. The plea agreement provided the circuit court with discretion as to sentencing. In return for the plea, the State dismissed the indecent exposure charge. During his plea hearing, petitioner admitted that

1

he "downloaded material that contained child pornography on [his] computer."

Petitioner requested an alternative sentence of probation based on his assertion that his criminal conduct was "simply the possession of child pornography," that petitioner was born with a predisposition to watch child pornography, that he had sought treatment and education after his arrest, that medical benefits available because of his military service would be terminated upon incarceration, and because petitioner suffers from HIV. The circuit court entered its sentencing order on March 1, 2018, sentencing petitioner to an indeterminate term of not less than two nor more than ten years in the penitentiary. Petitioner was also ordered to pay a fine in the amount of $5,000 and be subject to ten years of extended supervision upon his release from incarceration. Further, petitioner was ordered to register as a sexual offender for life.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W. Va. 407, 710 S.E.2d 98 (2011). "This Court has also specified that '[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syl. Pt. 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982)." *State v. Fleming*, 237 W. Va. 44, 58, 784 S.E.2d 743, 757 (2016).

On appeal, petitioner asserts four assignments of error. First, he contends that the circuit court's imposition of the statutory sentence of two to ten years of incarceration violated the constitutional prohibition against cruel and unusual punishment. He next argues that the sentence violated the proportionality principles of the West Virginia and United States Constitutions because, due to his medical conditions, the sentence essentially amounts to a death sentence.[1] In

---

[1] As this Court set forth in *Nobles v. Duncil*, 202 W. Va. 523, 533, 505 S.E.2d 442, 452 (1998),

> [t]here is no question that a governmental unit . . . has an "obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. at 103, 97 S.Ct. at 290, 50 L.Ed.2d at 259 (1976). "Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Norris v. Detrick,* 918 F.Supp. 977, 984 (N.D.W.Va.1996), *aff'd,* 108 F.3d 1373 (4th Cir.1997) (citation omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, or lack thereof, must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id., citing Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir.1990).

In this case, petitioner does not allege that he is not receiving medical treatment for his conditions. However, he desires to have different medications than those provided by the correctional facility to treat some of those conditions.

his third allegation of error, he asserts that the circuit court abused its discretion because it failed to provide petitioner with individualized sentencing, instead sentencing him based on the category of his offense. We will address these first three alleged errors jointly.

In support of those contentions, petitioner argues that the circuit court failed to address his "serious underlying medical needs" and sentenced him without commenting on petitioner's medical needs during his incarceration. At sentencing, and before this Court, he argued that due to his diagnosed HIV, hepatitis, and serious mental health issues, the statutory sentence equates to a death sentence. Further, he contends that his sentence violates the proportionality principle of the West Virginia Constitution because it is disproportionate to the nature of the offense and petitioner's "characteristics." Citing only out-of-state authority, petitioner also argues that where a sentencing judge is given discretion to impose an appropriate sentence but fails to exercise that discretion, the sentencing procedure is defective and must be remanded for resentencing.[2]

With regard to proportionality, as this Court recently set forth in *Fleming*,

[i]n *State v. Cooper,* 172 W.Va. 266, 304 S.E.2d 851 (1983), this Court explained "[t]here are two tests to determine whether a sentence is so disproportionate to a crime that it violates our constitution." *Id.* at 272, 304 S.E.2d at 857. "The first is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further." *Id.* "When it cannot be said that a sentence shocks the conscience, a disproportionality challenge is guided by the objective test we spelled out in Syllabus Point 5 of *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 276 S.E.2d 205 (1981)[.]" *Id.* That test provides as follows:

> In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the

---

[2] Petitioner relies upon *State v. Ayers*, 590 N.W.2d 25 (Iowa 1999), in support of this argument. However, at the time *Ayers* was decided, Iowa Code § 901.10 provided, in relevant part, that "[a] court sentencing a person for the person's first conviction under section 124.406, 124.413, or 902.7 may, at its discretion, sentence the person to a term less than provided by the statute if mitigating circumstances exist and those circumstances are stated specifically in the record. . . ." The Iowa court has determined that the district court has the ultimate authority to determine the extent of any reduction in the mandatory minimum sentence imposed on a defendant once the prosecutor has requested a reduction based on the defendant's cooperation and that the amount of any such reduction rests in the court's sound discretion. *See State v. Johnson*, 630 N.W.2d 583 (Iowa 2001). Petitioner does not cite to any similar West Virginia statute or rule.

same jurisdiction.

166 W.Va. at 523–24, 276 S.E.2d at 207. "While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." *Id.* at 531, 276 S.E.2d at 211.

*Fleming*, 237 W. Va. at 58-59, 784 S.E.2d at 757-58.

Petitioner was originally charged with possessing 600 or more images depicting minors engaged in sexually explicit conduct, pursuant to West Virginia Code § 61-8C-3(d), which provides that an individual "shall, upon conviction, be imprisoned in a state correctional facility for not less than five nor more than fifteen years or fined not more than $25,000, or both." He was also charged with a misdemeanor charge of indecent exposure that was dismissed as part of his plea agreement. Pursuant to that plea agreement, petitioner pled guilty to possessing "more than fifty but fewer than six hundred images" pursuant to West Virginia Code § 61-8C-3(c). That subsection sets forth the statutory penalty of imprisonment "in a state correctional facility for not less than two nor more than ten years or fined not more than $5,000, or both." The circuit court sentenced petitioner to an indeterminate term of not less than two nor more than ten years in the penitentiary. Petitioner was also ordered to pay a fine in the amount of $5,000. That sentence is clearly in accordance with the statute.

During his plea colloquy, petitioner admitted that he "downloaded material that contained child pornography on [his] computer[,]" and his counsel stated that he had personally "reviewed the computer evidence in this case and the evidence would consist of at least 50 to 600 images that was[sic] found on the computer." Petitioner agreed with his counsel's assessment. The circuit court properly informed petitioner of the potential sentence and fine, and petitioner confirmed that he was aware of the maximum penalty. In addition, petitioner acknowledged that he was aware that the circuit court had discretion in sentencing. According to petitioner's presentence investigation report ("PSI"), petitioner admitted dealing with psychological issues throughout his life and that prior to his "arrest in this case [he] was dealing with [a] problematic addiction to pornography that [he] would download from the internet, which would involve pornography that many people would consider extreme . . . ." The PSI also included information related to petitioner's medical conditions and medications.

While conducting petitioner's sentencing hearing, the circuit court stated that it had read the letters attached to petitioner's memorandum in support of alternative sentencing, and petitioner's counsel went through those letters. After hearing testimony from various witnesses and the arguments of both petitioner's counsel and the State, the circuit court explained as follows:

Children are our most vulnerable members of our society and they are not just hurt by the person who produces or makes the videos and puts their hands on them, they are injured every time someone views the video. Those people who are making the videos have the incentive to create more videos and harm more

4

children when there is a market for this material. So the people who download and view create a market and a demand placing more children at risk and a greater and greater harm in our society. Those children's sentence in life is going to be that they have been victimized and they are going to have a much more difficult traumatic outcome in their lives than what I am imposing today, and, that is, I am imposing the sentence which the statute requires. . . The other factor in sentencing along with rehabilitation and punishment is the fact that punishment can also deter this conduct. . . .

Based upon our review of the record, we find that the circuit court did not abuse its discretion in considering the nature of petitioner's offense, petitioner's admissions, witness letters and testimony, and the PSI before imposing the maximum statutory sentence. It is clear from the record that the circuit court was provided with information concerning petitioner's medical conditions prior to issuing his sentence. Further, petitioner's sentence does not shock the conscience. Therefore, we find no merit in this alleged errors.

Petitioner's final assignment of error is that his procedural rights to a fair sentencing were violated when the State's witness testified to a purported criminal offense petitioner committed that was not included in the PSI, preventing petitioner from adequately addressing the issue. He contends that the State's only witness at sentencing, Sergeant Steven Holz of the Jefferson County Sheriff's Department, presented testimony regarding a prior charge of indecent exposure in Maryland for which petitioner was found not guilty following a jury trial. Because information regarding that charge was not included in the PSI, petitioner argues that he was not provided the notice required under Rule 32 of the West Virginia Rules of Criminal Procedure. Without citing any authority, petitioner further argues that he is also entitled to assert objections to any inaccuracies or errors contained in the PSI, along with a hearing on those objections prior to sentencing. He asserts that the State "effectively sandbagged" him because the State failed to give notice of the use of that prior charge for sentencing purposes. However, petitioner's argument ignores the fact that his own attorney is the one who elicited the testimony to which he now objects.

During the sentencing hearing, the State elicited testimony from Sergeant Holz about an indecent exposure charge against petitioner that stemmed from an incident in Jefferson County in March of 2016; that was the indecent exposure charge dismissed as part of the plea agreement in the underlying matter. During cross-examination, petitioner's counsel asked "[y]ou're aware that prior to the, again, indecent exposure arrest and child pornography arrest, prior to that, [petitioner] had no criminal history, correct?" Sergeant Holz responded that petitioner "was charged with another indecent exposure in Maryland. He was found not guilty." Upon further questioning, Sergeant Holz stated that he had not reviewed the PSI so he had no personal information regarding the inclusion of that information in the PSI.

This Court has long held as follows:

"'An appellant or plaintiff in error will not be permitted to complain of error in the admission of evidence which he offered or elicited, and this is true even of a defendant in a criminal case.' Syl. Pt. 2, *State v. Bowman,* 155 W.Va.

562, 184 S.E.2d 314 (1971)." Syl. Pt. 1, *State v. Compton,* 167 W.Va. 16, 277 S.E.2d 724 (1981).

Syl. Pt. 3, *State v. Crabtree,* 198 W. Va. 620, 482 S.E.2d 605 (1996). *See also Shamblin v. Nationwide Mut. Ins. Co.,* 183 W. Va. 585, 599, 396 S.E.2d 766, 780 (1990) ("[T]he appellant cannot benefit from the consequences of error it invited."); *In re Tiffany Marie S.,* 196 W. Va. 223, 233, 470 S.E.2d 177, 187 (1996) ("[W]e regularly turn a deaf ear to error that was invited by the complaining party."); *Comer v. Ritter Lumber Co.,* 59 W. Va. 688, 689, 53 S.E. 906, 907 (1906) (the party inviting "the error . . . must accept its results"); Syl. Pt. 1, in part, *McElhinny v. Minor,* 91 W. Va. 755, 114 S.E. 147 (1922) ("appellant cannot complain of errors . . . which he alone caused."); Syl. Pt. 2, *Young v. Young,* 194 W. Va. 405, 460 S.E.2d 651 (1995) ("A judgment will not be reversed for any error in the record introduced by or invited by the party seeking reversal." (Citation omitted)). Therefore, we find no merit in petitioner's final assignment of error.

Affirmed.

**ISSUED:** March 11, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison