IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
**August 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHRISTOPHER D.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-498** (Fam. Ct. Jefferson Cnty. Case No. FC-19-2022-D-15)

**TRYSTIN T.,**
**Petitioner Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Christopher D.[1] ("Father") appeals the Family Court of Jefferson County's November 4, 2024, final order, which declined to modify child support after Father failed to appear for the hearing that this Court directed to be held on remand. Respondent Trystin T. ("Mother") responded in support of the family court's decision.[2] Father did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

By way of background, Father and Mother share one minor child. Events leading to this appeal began with a custody allocation order that was entered on or about August 11, 2022, which set Father's child support at $592.00 per month. At some point thereafter, Father's child support obligation was reduced. On or about June 20, 2023, Father filed a petition for custody and child support modification, which resulted in the parties' agreement that he would have parenting time three weekends per month. As for child support, the family court entered its order on December 29, 2023, holding that because the child support recalculation resulted in less than a fifteen percent change, child support was

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Both parties are self-represented.

not modified, even though Father had recently lost his job and recently experienced the birth of a new child.[3]

Father appealed the December 29, 2023, order, wherein he alleged that the family court miscalculated child support. This Court issued a memorandum decision on July 30, 2024, vacating and remanding the family court's order with directions to recalculate child support, considering Father's alleged changes in circumstances.[4]

The remand hearing was originally scheduled for August 3, 2024, but was rescheduled for September 24, 2024. Due to hearing notices being mailed late, court staff contacted Father by phone to inform him of the new date and time, which he accepted. However, Father failed to appear for the hearing, and the family court conducted the hearing in his absence. During the hearing, Mother testified that her income had increased to $2,400.00 per month and Father had quit his job to avoid paying child support. The family court found Mother's testimony credible and attributed Father's previous monthly income amount of $3,466.00 to him because he was not present to provide updated financial information. Despite Father's failure to appear, the family court recalculated child support with Mother's updated income and gave Father credit for the birth of his new child. The new child support calculation did not amount to a fifteen percent change from the existing child support obligation. As a result, the family court's November 4, 2024, final order concluded that Father's child support would remain at $511.00.[5] This appeal followed.

For these matters, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family

---

[3] West Virginia Code § 48-11-105(b) (2024) states, "[i]f application of the [child support] guidelines would result in a new order that is more than fifteen percent different [than the current child support order], then the circumstances are considered a substantial change" [which warrants a modification].

[4] *See Christopher D. v. Trystin T.*, No. 24-ICA-16, 2024 WL 3594333 (W. Va. Ct. App. July 30, 2024) (memorandum decision).

[5] The final order also notes that the hearing was scheduled for 9:00 a.m., the court waited until 9:07 a.m. to start the hearing, and then paused at 9:17 a.m. to see if Father had arrived. Security verified that Father failed to appear. Additionally, the final order noted that there was a notation added to the electronic file indicating that the court called both parties on Friday, September 19, 2024, notifying them of the change in hearing date and time, and staff indicated that Father answered the phone and accepted the time change.

2

court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father raises four assignments of error, which we have consolidated into two issues for decision.[6] *See generally Tudor's Biscuit World of Am. v. Critchley,* 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly").

First, Father asserts that the family court erred by conducting the hearing without him. In support of his argument, he states he was given an incorrect time over the phone by court staff, and he received another party's notice of hearing in the mail. We are unpersuaded by this argument.

The Supreme Court of Appeals of West Virginia has long held the following:

Cases should be decided on the merits, and to that end, justice is served by reasonably accommodating all parties, whether represented by counsel or not. This "reasonable accommodation" is purposed upon protecting the meaningful exercise of a litigant's constitutional right of access to the courts. Therefore, ultimately, the *pro se* litigant *must bear the responsibility and accept the consequences of any mistakes and errors*.

*Blair v. Maynard*, 174 W. Va. 247, 253, 324 S.E.2d 391, 396 (1984) (emphasis added). The general principles of judicial economy prohibit granting relief to the party who, after creating the problem, now seeks relief. *See Young v. Young*, 194 W. Va. 405, 409, 460 S.E.2d 651, 655 (1995). The party who caused the error should not be advantaged on appeal by that same error. *Id.*; *see also Comer v. Ritter Lumber Co.,* 59 W. Va. 688, 689, 53 S.E. 906, 907 (1906) (finding that one of the parties "has invited the error and must accept its results.").

In his brief on appeal, Father acknowledged that the family court notified him by phone that the hearing was continued and that he accepted September 24, 2024, as the new hearing date at the time proposed by the court. Although Father alleges that he was given a different start time for the hearing, he offered no evidence to support his contention. The final order reflects that Father was contacted by the court and agreed to the hearing's new

---

[6] Specifically, we have consolidated Father's first, second, and fourth assignments of error, finding that they each contain interrelated arguments challenging the family court's decision to hold the September 24, 2024, hearing without him present.

date and time, and it further states that the court delayed the hearing and checked to see if Father appeared late at least twice. "An appellant must carry the burden of showing error in the judgment of which he complains. . . . Error will not be presumed, all presumptions being in favor of the correctness of the judgment." Syl. Pt. 7, *State ex rel. Hatcher v. McBride*, 221 W. Va. 760, 656 S.E.2d 789 (2007). Accordingly, we find no error in the family court's decision to proceed with the hearing after concluding that Father had been notified and did not appear.[7]

As his final assignment of error, Father argues that he should have received 50-50 custody in the December 29, 2023, modification order. Because this issue was not raised below or preserved for appeal during the family court proceeding, we decline to address it on appeal. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (citations and quotations omitted) ("Our general rule is that nonjurisdictional questions ... raised for the first time on appeal, will not be considered."); *PITA, LLC v. Segal*, 249 W. Va. 26, 40, 894 S.E.2d 379, 393 (Ct. App. 2023) (noting that as a general rule, an appellate court will not consider an issue raised for the first time on appeal).

Accordingly, we affirm the family court's November 4, 2024, order.

Affirmed.

**ISSUED:** August 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[7] We note that the family court's November 4, 2024, order does not preclude Father from seeking another child support modification in family court in the future.

4