# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**February 8, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LINDA HULVEY,**
**Petitioner Below, Petitioner**

**vs.)  No. 22-ICA-263**        (Cir. Ct. Monongalia Cnty. No. 15-D-558)

**WILLIAM HULVEY,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Linda Hulvey ("Wife") appeals the Circuit Court of Monongalia County's October 15, 2022, order denying her petition for appeal. Respondent William Hulvey ("Husband") filed a response in support of the circuit court's decision.[1] The circuit court held that all grounds raised in her appeal pertained to her dissatisfaction with her legal representation, and therefore, there was no substantial question of law or prejudicial error by the family court. Wife filed a reply, but it was stricken from the docket by separate order entered on January 22, 2024, as it was signed by a non-attorney as Wife's "agent."[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on June 7, 1969, and separated on February 16, 2015. In December of 2015, Husband filed for divorce; Wife filed an answer alleging cruel and inhuman treatment. Wife retained several attorneys over the course of the divorce proceedings, one of whom withdrew in March of 2017 due to the breakdown of the attorney/client relationship. Eventually, on or about April 25, 2019, Wife retained new counsel. A total of five hearings were held on this matter in family court, but only two are relevant to this appeal: the first bifurcated divorce hearing held on August 25, 2021, and the final divorce hearing held on December 1, 2021.

---

[1] Wife is self-represented; Husband is represented by Raymond H. Yackel, Esq.

[2] *See* Syl. Pt. 3, *W. Va. State Bar v. Earley*, 144 W. Va. 504, 109 S.E.2d 420 (1959); West Virginia Code § 30-2-4(a) (2016) (prohibiting a non-attorney from "practice[ing] or appear[ing] as an attorney-at-law for another in a court in this state").

1

Prior to the August 25, 2021, divorce hearing, Wife requested a continuance based on alleged health concerns, which the family court denied. Wife failed to appear on August 25, 2021, but her attorney was present. Wife's attorney proffered to the family court that Wife had informed him the day before that she had to go to the emergency room for a medical condition. The family court called the hospital and was informed that Wife was not then an admitted patient. Therefore, the family court found that Wife received proper notice of the hearing but failed to appear and granted the parties' divorce based upon Husband's ground of "separation without cohabitation for more than one year." *See* W. Va. Code § 48-5-202(a) (2001). The family court ruled that all other matters would be addressed at a final divorce hearing on December 1, 2021.

The family court entered its order on August 25, 2021, and noted that this matter had been delayed for approximately five years, due almost entirely to Wife's actions. Accordingly, the family court awarded Husband $400 for mileage, $300 for hotel expenses, and $1000 for attorney's fees due to Wife's failure to appear or respond, which was to be levied against her share of the marital estate. The family court also ordered that, prior to the December 1, 2021, hearing, Wife was to allow Husband and/or his potential expert witnesses access to the marital home to determine any necessary repairs for its sale.

On November 1, 2021, Wife faxed her attorney a letter from one of her doctors, seeking a request for continuance of the December 1, 2021, hearing. Wife's attorney filed a motion to continue, which the family court denied due to repeated delays in the case. Wife failed to appear for the December 1, 2021, hearing. Her attorney advised the family court that he mailed numerous hearing notices to Wife and even delivered one to her home. Accordingly, the family court proceeded with the December 1, 2021, hearing without Wife present.

The family court entered its final order on December 6, 2021, wherein it found that the matter had been pending since 2015 and almost all attempts toward resolution had been thwarted by Wife, as she failed to appear for hearings, refused to work with her counsel, and refused to cooperate with the family court's orders. The family court further found that Wife's interests were adequately protected, despite her nonappearance. As to Wife's share of equitable distribution of the marital estate, the family court awarded Wife the following: (1) $28,957 from various bank accounts; (2) one-half of the balances from retirement accounts and a thrift savings plan with Husband being responsible for the preparation of the Qualified Domestic Relations Orders; (3) one-half of Husband's pension; and (4) proceeds from the sale of the marital home allocated by separate order. Additionally, Wife was ordered to vacate the marital home by January 31, 2022.

Wife, then pro se, appealed the family court's order to circuit court on January 6, 2022. The circuit court denied her appeal because "all grounds [Wife] raise[d] for appeal

2

pertain[ed] to her dissatisfaction with her legal counsel." The circuit court's order denying the appeal was entered on October 15, 2022. It is from that order that Wife now appeals.[3]

For these matters, our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Wife raises thirty-four assignments of error, which we will address in turn, but not in order. As her first and second assignments of error, Wife asserts that both the family and circuit courts erred when they considered incorrect evidence against her, which was due to the alleged deceit by one of her first attorneys. We find that these assignments of error lack merit and we decline to address them. Wife fails to describe what evidence was allegedly "incorrect" and does not explain how she was harmed by the family or circuit court's ruling. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error). Additionally, Wife failed to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which states that a petitioner's brief "must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues [. . .] were presented to the lower tribunal." Under this Rule 10(c)(7), "[t]he Intermediate

---

[3] Wife alleged both in her notice of appeal and her brief to this Court that her attorney failed to communicate with her regularly, progress her case, provide her with larger font-sized mail communication, and provide her with hearing notices and other necessary documentation. Wife's attorney withdrew as her counsel on December 9, 2021, after which she filed complaints with the Human Rights Commission and the Office of Disciplinary Counsel. Her disciplinary complaint was dismissed by the Investigatory Panel of the Lawyer Disciplinary Board, which found that counsel 'made valiant efforts to accommodate [her] and [her] numerous requests and concerns and that [counsel's] representation [did] not violate the Rules of Professional Conduct."

Court [. . .] may disregard errors that are not adequately supported by specific references to the record on appeal."

Next, we address assignments of error numbers twenty-three and twenty-four, as they are similar. In those errors, Wife asserts that the family court erred when it included for equitable distribution a domestic violence award of $15,000, which was granted in her 2015 domestic violence case. Wife also asserts that the family court erred when it failed to award her attorney's fees stemming from her 2015 domestic violence case. We decline to address these assignments of error, as this Court does not have jurisdiction over domestic violence appeals pursuant to W. Va. Code § 51-11-4(d)(11)(2022).

Regarding Wife's eighth assignment of error, she argues that the circuit court erred by dismissing her appeal because two "Rule 59 motions" were not served upon her. In this assignment of error, Wife does not specify which Rule 59 she is referencing, nor does she state how she was prejudiced. Therefore, we decline to address this assignment of error in accordance with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.

Next, we address Wife's tenth assignment of error. In this error, she contends that the circuit court erred when it remanded the case to family court for additional findings of fact regarding the taxes paid by Husband for withdrawals from retirement accounts and asserts that she did not receive her one-half share of said withdrawals. Upon review, we find that this assignment of error lacks merit. First, Wife provided no documentation on appeal to support her argument. Second, the issue was remanded with instructions for the family court to gather additional information as to the withdrawals from the retirement accounts, which was to Wife's benefit, not her detriment.

In her twenty-first assignment of error, Wife asserts that the circuit court erroneously denied her appeal, which referenced nineteen alleged acts of egregious ethics and civil rights violations allegedly committed by her most recent attorney. We find no error. The circuit court did not err when it declined to address Wife's complaints regarding her former attorney's alleged ethical violations, as it does not have jurisdiction to address such complaints.[4]

As to her thirtieth assignment of error. Wife asserts that the family court erred when it proceeded with the August 25, 2021, hearing without her being present, particularly after she was exhausted from being in the emergency room. We disagree. Due to Wife's history of repeated delay tactics, the family court did not commit error when it proceeded with the

---

[4] Pursuant to its constitutional authority, the Supreme Court of Appeals oversees lawyer disciplinary proceedings, and has created a disciplinary body to investigate and recommend sanctions. *See* W. Va. Const. art. VIII, § 3; *Law. Disciplinary Bd. V. Kupec*, 202 W. Va. 556, 563, 505 S.E.2d 619, 626 (1998).

August 25, 2021, hearing without Wife being personally present. Here, the family court determined that Wife, whose counsel was present at the hearing, had been properly noticed and was not then hospitalized at the time of the hearing.

Regarding Wife's twenty-ninth and thirty-fourth assignments of error, she contends that the family court erred when it failed to provide notice for both the August 25, 2021, and December 1, 2021, hearings. These assignments of error also lack merit. The record demonstrates that Wife had notice of the August 25, 2021, hearing because she called her attorney ahead of time to let him know she was going to the emergency room. Further, the record reflects that she also had notice of the December 1, 2021, hearing because her attorney hand-delivered a hearing notice to her home and mailed multiple copies to her address.

For her remaining twenty-four assignments of error, Wife asserts the following:

1. The family court and circuit court erred by failing to consider evidence from her expert witness, a certified public accountant.
2. The family court and circuit court erred by not considering eighty reimbursements of the parties' marital family health insurance policy premium which was paid to Husband after the parties' separation.
3. The family court and circuit court erred by failing to consider for equitable distribution the reimbursements of the parties' family health full-policy premium which was paid to Husband approximately one-hundred twenty-two months before the parties' separation.
4. The family court erred by failing to consider a 2009 vehicle (or the source of its funds) purchased by Husband in its equitable distribution calculation.
5. The family court and circuit court erred in deeming Wife's WesBanco accounts as marital property.
6. The family court and circuit court erred in deeming Wife's IRA account as marital property.
7. The family and circuit courts erred by failing to consider the tax penalty suffered by Wife due to Husband filing separate tax returns from 2015 onward.
8. The family court and circuit court erred by not considering the equitable distribution of State tax refunds for 2014-2015 which were deposited into Husband's MVB account.
9. The family and circuit courts erred by failing to consider for equitable distribution a joint tax 2014 tax refund which was received by Husband.
10. The family and circuit courts erred in determining that $12,169.00 which was held in one of Husband's accounts was his separate property.
11. The family and circuit courts erred in determining that $37,000.00 held in one of Husband's accounts was his separate property.

5

12. The family and circuit courts erred in deeming a Chase debt in the amount of $3,503.00 as marital debt.

13. The family and circuit courts erred in determining that a Chase debt in the amount of $1870.00 was Wife's separate debt.

14. The family and circuit courts erred by determining that Husband's CIT accounts were his separate property.

15. The family and circuit courts erred by failing to properly categorize $45,000.00 which was deposited in Husband's separate CIT account as marital property.

16. The circuit court erred by failing to include in equitable distribution the interest earned on an EOC award, half of which should have been awarded to Wife.

17. The family and circuit courts erred by failing to consider for equitable distribution property purchased by Husband on February 11, 2019, for which he used inherited non-mingled funds for the purchase.

18. The family and circuit court erred by failing to include in equitable distribution the inequity which Wife suffered due to yearly balances due for Medicare premiums.

19. The family court erred when in including in its August 25, 2021, divorce order a retroactive date-of-loss of Husband's health insurance coverage for Wife, thirty-one days post hearing.

20. The family court erred in its August 25, 2021, hearing when it ruled that Wife would no longer receive the benefits of Husband's dental insurance.

21. The family court erred in its August 25, 2021, hearing when it held that the parties' ground for divorce was a one-year separation, which was never agreed to by Wife.

22. The circuit court erred by remanding to the family court the omission from equitable distribution the $1,700.00 sanctions against Wife for her non-appearance on August 25, 2021.

23. The family court erred when it failed to award Wife monthly spousal support retroactive to the date of separation on February 16, 2015, in the amount of $23,000.00, as detailed in its December 6, 2021, order.

24. The circuit court erred in remanding to the family court the omission from equitable distribution the $1,700.00 sanctions against Wife for her non-appearance on August 25, 2021.[5]

Collectively, with respect to the above assignments of error, pertaining to equitable distribution, Wife's assignments of error are deficient. As noted above, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires arguments to contain appropriate and specific citations to the record on appeal, including when and how the issues presented

---

[5] This assignment of error duplicates assignment of error number twenty-two.

in the assignments of error were presented to the lower court(s).[6] Courts should permit reasonable accommodations to pro se litigants, and pleadings filed by pro se parties are to be construed liberally. *See Esposito v. Mastrantoni*, No. 19-1023, 2021 WL 195288, at *4 (W. Va. Jan. 20, 2021) (memorandum decision) (quoting *Blair v. Maynard*, 174 W. Va. 247, 252-53, 324 S.E.2d 391, 396 (1984)). Even applying such a reading, Wife's arguments only assign error to her counsel's conduct in investigating and litigating the case, not with errors made by the family court. Moreover, Wife failed to attend either of her divorce hearings. *See Young v. Young*, 194 W. Va. 405, 460 S.E.2d 651 (1995) (per curiam) (holding that a party who does not cooperate in a proceeding cannot later complain about the results).

Accordingly, we affirm the circuit court's October 15, 2022, order denying Wife's appeal.

Affirmed.

**ISSUED:** February 8, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[6] Although some appellate rules may be difficult for a self-represented party to understand and follow, they are the rules that govern appeals in our system and self-represented parties are obligated to follow the same rules as represented parties.