446 S.E.2d 692

**MAY DEPARTMENT STORES COMPANY, D/B/A Kaufmann's Department Store, Inc. Respondent Below, Appellant,**

v.

**The WEST VIRGINIA HUMAN RIGHTS COMMISSION And Robert Cervi, Complainant Below, Appellees.**

No. 21918.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 19, 1994.

Decided June 16, 1994.

Darrell V. McGraw, Jr., Atty. Gen., Mary Catherine Buchmelter, Deputy Atty. Gen., and Susan E. Jewell, Asst. Atty. Gen., for the West Virginia Human Rights Com'n.

Bryan R. Cokeley, Steptoe and Johnson, Charleston, for appellant.

William D. Turner, Crandall, Pyles & Haviland, Charleston, for appellee Cervi.

PER CURIAM:

This is an appeal by May Department Stores Company ("Kaufmann's") from a July 7, 1993, order of the West Virginia Human Rights Commission ("HRC") reversing a decision by HRC Hearing Examiner Richard A. Riffe and remanding the matter to a different hearing examiner for a de novo hearing. Kaufmann's requests this Court to reverse the order of the HRC and permit the matter to stand as determined by Hearing Examiner Riffe. We affirm the decision of the HRC to the extent that a new hearing examiner is to be appointed but reverse insofar as the HRC ordered a de novo hearing.

## I.

This matter arose from a discrimination claim filed with the HRC by Robert Cervi subsequent to his June 6, 1991, dismissal from Kaufmann's Department Store in Charleston, West Virginia. Mr. Cervi had worked in the executive position of visual manager in the Charleston Kaufmann's store since March 1989. Kaufmann's contended that Mr. Cervi was dismissed for attempting to remove two cosmetic perfume testers through an employee exit on May 23, 1991. He was apparently observed by a store detective, and, pursuant to store policy, he was suspended and discharged after an investigation.

According to Kaufmann's evidence, it first learned that Mr. Cervi was HIV positive upon receipt of the HRC complaint filed by Mr. Cervi. Mr. Cervi, however, asserts that Kaufmann's had knowledge of his HIV positive status and that the decision to dismiss Mr. Cervi was motivated by such knowledge. A public hearing was held before Hearing Examiner Riffe on November 4 and 5, 1992. Following the presentation of evidence by both parties, a briefing schedule was arranged, with initial briefs due on January 11, 1993, and responsive briefs due on January 25, 1993.[1] On December 7, 1992, however, prior to the due dates of the briefs, Hearing Examiner Riffe issued a draft opinion informing the parties of his current thoughts on the resolution of the matter. That draft opinion contained a ruling in favor of Kaufmann's. In an attached letter, the hearing examiner explained his draft opinion as follows:

> It occurs to me that it might be economical to go ahead and release a draft of the order as soon as it's done. This way, if a non-prevailing party is not going to appeal they can say so and turn two lawyers' meters off. Also, it will give you all a good chance to point out where I'm going astray, if I am. I see nothing in the A.P.A. or the Human Rights Act which would preclude this approach. Feel free to let me know if you think it is a bad way to do business.

By letter dated December 15, 1992, counsel for Mr. Cervi objected to the issuance of the draft opinion and addressed the credibility of one of the witnesses, with specific regard to her alleged lack of knowledge of Mr. Cervi's HIV status. Counsel for Mr. Cervi also expressed his desire that "some express affirmation of the Hearing Examiner's ability to still decide this case in a fair and impartial manner is appropriate . . ." and concluded by stating that "[a]ssuming the Hearing Examiner is able to affirm his open-mindedness, notwithstanding the unanticipated issuance of the 'Draft' decision, Complainant submits that briefs and proposed decisions should be submitted in accordance with the previously-established schedule."

In response to that objection and request by counsel for Mr. Cervi, the hearing examiner, by letter dated December 17, 1992, explained his reasons for issuing a draft opinion, attached deliberative notes reflecting his impressions of the hearing, and directed that the post-hearing briefing schedule proceed as planned. The parties submitted their briefs in accordance with the briefing schedule, and the hearing examiner, by opinion dated January 29, 1993, ruled in favor of Kaufmann's.

---

1. Mr. Cervi represents that he waived his right to closing oral argument in reliance upon his understanding that he would be permitted an opportunity to present a written brief.

## II.

Mr. Cervi appealed to the HRC, alleging that Hearing Examiner Riffe made inappropriate remarks off the record regarding the credibility of witnesses and that the issuance of a draft decision prior to the deadline for written briefs was a procedural irregularity justifying a new hearing. Subsequent to oral argument on June 23, 1993, the HRC remanded the case for an entirely new hearing before a different hearing examiner to be agreed upon by counsel from a list of three available hearing examiners.[2] The merits of the case were not reached. The HRC explained its decision as follows:

The administrative law judge below, by making inappropriate remarks off the record regarding credibility issues and by issuing a draft decision before considering the findings of fact and conclusions of law which he solicited from the parties, has engaged in an unwarranted exercise of discretion, in violation of § 77–2–10.8.5. of the Rules of Practice and Procedure Before the West Virginia Human Rights Commission. Furthermore, the Commission is disturbed by the administrative law judge's course of action throughout the proceeding.

Kaufmann's appeals the HRC decision to this Court and asserts that the HRC erred in remanding the matter based upon the hearing examiner's release of a draft opinion and upon off-the-record remarks of the hearing examiner to which the Appellee failed to object or make a record. While it was recognized in counsel for Kaufmann's December 28, 1992, correspondence that the issuance of the draft opinion was "a departure from normal practice," Kaufmann's argues that such irregularity does justify a remand for a new hearing and has in no manner prejudiced the rights of the Appellee.

## III.

◼ We agree with the HRC that this matter was handled in a procedurally haphazard manner. While no specific procedure existed by which a hearing examiner was authorized to issue such draft opinions,[3] neither did one exist which would prohibit such action.[4] Without any express proscription of such issuance, it is difficult to conclude that the entire hearing process should be overturned in favor of a de novo hearing. Moreover, we are not persuaded that Mr. Cervi suffered any prejudice which would justify a re-taking of the testimony. In order to eliminate any danger that the hearing examiner was unable to remain impartial subsequent to his draft decision, however, we affirm the decision of the HRC to appoint a new hearing examiner but direct that he render a final decision based upon the evidence already taken and after considering the written briefs of both parties as originally agreed.

◼ The HRC's decision to remand for further proceedings was consistent with its authority under section 10.6 of the HRC's procedural rules, providing as follows:

Within sixty (60) days after the date on which the notice of appeal was filed, the Commission shall render a final order affirming the decision of the hearing examiner, or an order remanding the matter for further proceedings before a hearing examiner, or a final order modifying or setting aside the decision....

6 W.Va.C.S.R. § 77–2–10.6. We have consistently supported the HRC's discretionary powers with regard to its internal affairs. In syllabus point 1 of *Paxton v. Crabtree*, 184 W.Va. 237, 400 S.E.2d 245 (1990), we explained that "[t]he West Virginia Human Rights Act 'shall be liberally construed to accomplish its objective and purpose.' W.Va. Code, 5–11–15 (1967). This construction applies to both its substantive and procedural provisions, and is consonant with this Court's

---

**2.** The parties have selected Mr. Michael Kelly to serve as the new hearing examiner.

**3.** The HRC does have a specific set of procedural rules, the Rules of Practice and Procedure Before the West Virginia Human Rights Commission, but those rules do not address the matters at issue in this case.

**4.** There is no reason at all that the hearing examiner could not have reached a decision at any time after the close of the evidence, except for the fact that the parties agreed to waive oral argument in favor of the opportunity to submit written briefs.

view that administrative proceedings should not be constrained by undue technicalities." 184 W.Va. at 239, 400 S.E.2d at 247. In the present case, we do not disturb the HRC's determination that remand is necessary; we do, however, disagree that a de novo hearing is imperative. While we would not encourage any rehearing, the new hearing examiner would have some discretion in determining whether it is necessary to rehear the testimony of witnesses whose credibility may be particularly significant to the final decision.

Affirmed in part; reversed in part; and remanded.