460 S.E.2d 651

**Debra Ranee YOUNG, Plaintiff Below, Appellant,**

v.

**Niles Michael YOUNG, Defendant Below, Appellee.**

**No. 22503.**

Supreme Court of Appeals of West Virginia.

Submitted May 9, 1995.

Decided July 11, 1995.

Ronald F. Stein, Point Pleasant, for appellant.

Shirley A. Skaggs, Calwell & McCormick, Charleston, for appellee.

**PER CURIAM:**

Debra Ranee Young appeals an order of the Circuit Court of Mason County remanding all economic issues in her divorce proceeding to the family law master, because Niles Michael Young, her husband, had not participated in the proceedings before the family law master. On appeal, Mrs. Young maintains that Mr. Young's failure to appear before the family law master is insufficient justification to remand all the economic issues for reconsideration. Because the record shows that Mr. Young, who was properly notified of all the family law master proceedings, chose not to participate, we find that the circuit court should not have remanded all the economic issues to the family law master.

I

After nine years of marriage, on October 1, 1993, Mrs. Young filed for a divorce alleging irreconcilable differences, as well as mental cruelty. The parties have one child, Alexandra Ann, born on April 7, 1989. Mr. Young was served with the divorce complaint on October 4, 1993. Mrs. Young filed her financial disclosure statement on November 5, 1993. A final hearing was set for January 12, 1994 and Mr. Young was notified. According to Mrs. Young, because Mr. Young had not filed an answer or financial disclosure statement, she prepared to go forward on the mental cruelty grounds and the financial information available.

Mr. Young appeared *pro se* at the January 12, 1994 hearing and requested a continuance in order to obtain counsel. The hearing was continued until February 23, 1994. Because Mr. Young failed to file an answer or financial disclosure statement until the morning of the hearing, Mrs. Young again prepared to proceed on the mental cruelty grounds.

On February 23, 1994, about one hour before the final hearing, Mr. Young filed his answer agreeing that irreconcilable differences existed between the parties, and his financial disclosure statement.[1] Mr. Young

---

1. Mr. Young's financial disclosure statement said that his total net monthly income was $4,617.44. Above Mr. Young's monthly wage income, he noted that the $3,168.00 was "When we have work."

did not appear at the final hearing and the family law master proceeded without him. Mrs. Young testified at the hearing concerning the parties' assets, debts and income. Mrs. Young waived any right to alimony. Based on the evidence presented, the family law master awarded Mrs. Young custody of the child with reasonable visitation to Mr. Young, distributed the assets, assigned the debts of the parties, determined the amount of child support and child care expenses each party is to pay and awarded Mrs. Young costs and reasonable attorney's fees. On March 4, 1994, the family law master notified the parties of her recommended decision. The family law master recommended that Mr. Young be required to pay monthly $883.78 for child support as required by the child support guidelines.

On March 7, 1994, Mr. Young, now represented by counsel, filed exceptions to the family law master's recommended decision. In his exceptions, Mr. Young alleged the following: (1) Mr. Young's monthly income for 1993 was $2,500, or approximately $1,500 per month less than the family law master found using 1992 information; (2) the family law master's recommendation for Mr. Young's share of the child support and child care expenses was excessive; (3) the recommended distribution of the assets from the sale of the marital house was unsupported by the record; (4) the recommendation of his share of the child's medical, dental and optical expenses, not covered by insurance, was excessive; (5) the recommendation for payment of the marital debt was not supported by the record; and (6) the recommendation of his payment of costs and attorney's fees for Mrs. Young was not justified in an uncontested proceeding where the parties had an agreement. Mr. Young also alleges that the

parties' agreement was not incorporated into the recommended decision. No designation of the record was included in Mr. Young's petition to circuit court.

On April 12, 1994, the circuit court held a hearing on Mr. Young's exceptions. The circuit court decided to remand the matter to the family law master because Mr. Young's 1993 income was different from his 1992 income, which was used to calculate child support. The court said; "Quite frankly, because if I remand it the Family Law Master shall retry the matter within twenty (20) days as set forth in the statute. So, it's going to get you back before the Family Law Master a whole lot quicker." The circuit court did affirm the award of Mrs. Young's attorney's fees and ordered Mr. Young to pay "reasonable attorney fees through and including today's proceeding." The May 11, 1994 order of the circuit court stated:

> That this matter be remanded to Diána L. Johnson, Family Law Master, for the purpose of taking evidence relative to the income and earnings of the petitioner, Niles Michael Young, for the calendar year 1993 and for the purpose of taking evidence relative to the equitable distribution of marital assests [sic] and child care expenses of the respondent herein.[2]

On May 12, 1994, the family law master using the 1993 information entered an order requiring Mr. Young to pay monthly $792.98 as temporary child support.

Mrs. Young then petitioned this Court alleging that the circuit court's remand was too broad because all the economic issues were to be relitigated. Mrs. Young argues that allowing Mr. Young a second opportunity to litigate the equitable distribution encourages "litigants to 'gamble' on the outcome of litiga-

---

In the final hearing Mrs. Young testified that according to her calculations Mr. Young's monthly income was $4,014.00. That amount was evidenced by Mr. Young's 1992 W–2 Forms. The family law master used the $4,014.00 figure to determine Mr. Young's child support payment, and because of the disparity of income, the family law master required Mr. Young to pay the parties' marital debts and mortgage payment until the house is sold.

**2.** During the hearing, the following exchange occurred:

MR. STEIN [Ms. Young's counsel]: ... Are you remanding this on all issues or are you remanding this on only the issues of his 1993 income and as that relates to child support and/or medical costs?

THE COURT: My intention was to remand it on all those issues.

MR. STEIN: On all issues?

THE COURT: All issues.

MR. STEIN: So, we try it all again?

THE COURT: Yes. Okay. I may regret this. I very well may regret this.

tion before a Family Law Master and if the gamble does not pay off, then the litigant can win a chance to start over."

## II

■ *W.Va.Code* 48A-4-20(c) [1993] requires the circuit court to review the family law master's recommended order, findings and conclusions. Thereafter, the circuit court "may enter the recommended order, recommit the case, with instructions, for further hearing before the master or may, in its discretion, enter an order upon different terms, as the ends of justice may require." *W.Va.Code* 48A-4-20(c) [1993].[3] However, the circuit court's ability to overturn a family law master's findings and conclusions is limited "unless they fall within one of the six enumerated statutory criteria contained in this section." Syl. pt. 1, in part, *Higginbotham v. Higginbotham,* 189 W.Va. 519, 432 S.E.2d 789 (1993).[4] *See* Syl. pt. 1, *Burnside v. Burnside,* 194 W.Va. 263, 460 S.E.2d 264 (1995) for the standards for reviewing the challenges to the family law master's findings and conclusions; Syl. pt. 1,

*Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995) applying a *de novo* standard of review to questions of law or statutory interpretation.

*W.Va. Code* 48A-4-20(d) [1993] specifically authorizes a remand when the family law "master's recommended order is deficient as to matter which might be affected by evidence not considered or inadequately developed in the master's recommended order." The circuit court may also proceed "to take such evidence without recommitting the matter." [5] Rule 26 of the *Rules of Practice and Procedure for Family Law* [1995] [6] tracks *W.Va.Code* 48A-4-20(d) [1993] by authorizing the circuit court to "recommit the recommended order to the family law master with instructions indicating the circuit judge's opinion" upon a finding "that the family law master failed to consider necessary evidence." Rule 26 also authorizes a remand when portions of the audiotape of the family law master's proceedings, essential for "resolution of the petition for review," are inaudible. Several other options including the cir-

---

**3.** *W.Va.Code* 48A-4-20(c) [1993], in its entirety, reads:

(c) The circuit court shall examine the recommended order of the master, along with the findings and conclusions of the master, and may enter the recommended order, may recommit the case, with instructions, for further hearing before the master or may, in its discretion, enter an order upon different terms, as the ends of justice may require. The circuit court shall not follow the recommendation, findings and conclusions of a master found to be:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in conformance with the law;

(2) Contrary to constitutional right, power, privilege or immunity;

(3) In excess of statutory jurisdiction, authority or limitations or short of statutory right;

(4) Without observance of procedure required by law;

(5) Unsupported by substantial evidence; or

(6) Unwarranted by the facts.

**4.** In its entirety, Syl. pt. 1, *Higginbotham, supra,* states:

W.Va.Code 48A-4-10(c) (1990), limits a circuit judge's ability to overturn a family law master's findings and conclusions unless they fall within one of the six enumerated statutory criteria contained in this section. Moreover,

Rule 52(a) of the West Virginia Rules of Civil Procedure requires a circuit court which changes a family law master's recommendation to make known its factual findings and conclusions of law.

**5.** *W.Va.Code* 48A-4-20(d) [1993] states:

In making its determinations under this section, the circuit court shall review the whole record or those parts of it cited by a party. If the circuit court finds that a master's recommended order is deficient as to matters which might be affected by evidence not considered or inadequately developed in the master's recommended order, the court may recommit the recommended order to the master, with instructions indicating the court's opinion, or the circuit court may proceed to take such evidence without recommitting the matter.

*See Stephen L.H. v. Sherry L.H.,* —— W.Va. ——, at —— n. 20, —— S.E.2d ——, at —— n. 20, Slip op. at 29 n. 20 [1995 WL 87940] (No. 22084 March 6, 1995) (circuit court should remand case to family law master for hearing additional evidence.)

**6.** The *Rules of Practice and Procedure for Family Law* were adopted by order of this Court on July 21, 1993, effective October 1, 1993 and were amended twice in 1994 with the last effective date January 1, 1995. Thus the Rules were in effective in May 1994 when the circuit court entered the order that remanded this case to the family law master.

cuit court "proceed[ing] to take evidence" are outlined in Rule 26.[7]

■ In *Stephen L.H., supra* note 5, we noted that by adopting the family law master system, the legislature had allocated "the various responsibilities between the family law master and the circuit courts" in order "to conserve judicial resources by preventing duplication of effort." *Stephen L.H.,* —— W.Va. at ——, —— S.E.2d at ——, Slip op. at 25. Syl. pt. 4, *Stephen L.H.,* which discusses when the circuit court should remand the case to the family law master, states:

If a circuit court believes a family law master failed to make findings of fact essential to the proper resolution of a legal question, it should remand the case to the family law master to make those findings. If it is of the view that the findings of fact of a family law master were clearly erroneous, the circuit court may set those findings aside on that basis. If it believes the findings of fact of the family law master are unassailable, but the proper rule of law was misapplied to those findings, the circuit court may reverse. However, a circuit court may not substitute its own findings of fact for those of a family law master merely because it disagrees with those findings.

Syllabus Point 2, *Higginbotham v. Higginbotham,* 189 W.Va. 519, 432 S.E.2d 789 (1993) states:

" 'When the record in an action or suit is such that an appellate court can not in justice determine the judgment that should be finally rendered, the case should be remanded to the trial court for further development.' Syl. pt. 2, *South Side Lumber Co. v. Stone Construction Co.,* 151 W.Va. 439, 152 S.E.2d 721 (1967). Sylla-

bus Point 3, *Heydinger v. Adkins,* 178 W.Va. 463, 360 S.E.2d 240 (1987)."

■ Both the statute and the rules of practice and procedure authorize a remand or recommitment from the circuit court to the family law master when evidence is "not considered or inadequately developed." Although neither the statute nor the rules discuss the reasons which might cause the evidence problems or questions, our general principles of judicial economy prohibit granting relief to the party who after creating evidence problems, now seeks relief.

### III

■ We have long held that judgment will not be reversed for an error introduced into the record or invited by the party seeking reversal. The party who caused the irregularity or committed the error should not be advantaged on appeal by that same irregularity or error. In *Comer v. Ritter Lumber Co.,* 59 W.Va. 688, 689, 53 S.E. 906, 907 (1906), we required a party to be consistent and found that one of the parties "has invited the error and must accept it results." Syl. pt. 1, *Comer* said:

One who resists a motion made by a party introducing improper evidence to exclude it from the jury cannot complain, on appeal, of its introduction.

Syl. pt. 1, *McElhinny v. Minor,* 91 W.Va. 755, 114 S.E. 147 (1922) said:

An appellant cannot complain of errors or irregularities of the lower court, which were brought about by his own motion, and which he alone caused.

---

**7.** Rule 26 of the *Rules of Practice and Procedure for Family Law* [1995] states, in pertinent part:

**Insufficient Record for Review.** When a circuit judge finds that the family law master failed to consider necessary evidence, or portions of the audiotape taken at the family law master's hearing are inaudible and the inaudible portions are essential to the resolution of the petition for review, the circuit judge may:
(1) Proceed to take evidence on the matter;
(2) Recommit the recommended order to the family law master with instructions indicating the circuit judge's opinion;

(3) Take a statement of the facts prepared by the attorney with a certificate of accuracy attached, in accordance with Rule 4A(c) of the West Virginia Rules of Appellate Procedure, for making an evidentiary record; or
(4) In lieu of the evidence, use a statement of evidence which has been approved by the family law master in accordance with Rule 80(e) of the West Virginia Rules of Civil Procedure.

In criminal law we have also refused relief to the party who invited the error. Syl. pt. 21, *State v. Riley,* 151 W.Va. 364, 151 S.E.2d 308 (1966), states:

> A judgment will not be reversed for any error in the record introduced by or invited by the party seeking reversal.

*See* Syl. pt. 2, *State v. Bowman,* 155 W.Va. 562, 184 S.E.2d 314 (1971).

Part of our refusal to allow a party to profit from an error he invited is based on the need for judicial economy. The party who invites the error should not have a second "bite of the apple." [8] The need to conserve judicial resources exists in the family law master system.[9]

A similar need to conserve judicial resources exists in the circuit courts. According the West Virginia State Court System Caseload Report for Fiscal Year 1994 (Jan. 1995) (unpublished report, Administrative Office of the W.Va. Supreme Court of Appeals) (Caseload Report), domestic relation cases accounted for 39% of the civil caseload of the circuit courts. The Caseload Report noted that there had been a steady pattern of growth in domestic relation cases over the last several years with almost 4,000 more new cases filed in fiscal year 1994 than in fiscal year 1991. The Caseload Report said that "[d]omestic relation cases continue to represent over one third of the civil and more than one fourth of the total caseload in the circuit courts." [10]

Given this background, we find no need to add to the system by changing our long-standing policy of not reversing an error invited by the party seeking relief.

In this case, Mr. Young elected not to attend the proceedings before the family law master. Mr. Young did submit a financial statement that indicated his income for 1992 was higher than the income used by the family law master on the economic issues. After he was displeased by the family law master's decision, Mr. Young appealed to the circuit court, alleging errors—errors he invited by his non-appearance and his financial statement. Mr. Young is not entitled to a second try after he, with proper notice of the hearings, decided not to participate. We find that the circuit court erred in remanding all the economic issues for reconsideration by the family law master. Because Mr. Young's 1993 income differed from his 1992 income, Mr. Young could have sought a modification of the child support award. The circuit court could properly exercise its discretion to use a remand under *W.Va.Code* 48A–4–20(f) [1993] and Rule 26 to accelerate the modification based on Mr. Young's changed income.

For the above stated reasons, the judgment of the Circuit Court of Mason County and the case is remand for proceedings consistent with this opinion.

Reversed and remanded.

---

**8.** *See May Department Stores Company v. West Virginia Human Rights Commission,* 191 W.Va. 470, 446 S.E.2d 692 (1994) (per curiam), which involved an appeal from a Human Rights Commission order which reversed a decision by a hearing examiner and remanded the matter to a different hearing examiner for a *de novo* hearing. In *May* we noted that in view of the objective and purpose of the Human Rights Commission its "administrative proceedings should not be constrained by undue technicalities. (Citation omitted.)" 191 W.Va. at 473, 446 S.E.2d at 695.

**9.** Although a case filing report system for family law masters is in partial use, the system has not been in place long enough to develop complete data on the use of family law masters. The system's preliminary report indicates that a substantial number of separate actions were filed and considered by the reporting family law masters.

**10.** We note that these figures underrepresent the domestic relations caseload in the circuit court because the figures are based on new filings and many of the domestic relations matters involve a reopening of cases for modification and other matters that are not assigned new docket numbers and are not considered new filings.