IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

MATTHEW B.,
**Respondent Below, Petitioner**

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-60**          (Fam Ct. Kanawha Cnty. No. 22-D-42)

KIMBERLY W.,
**Petitioner Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Matthew B.[1] appeals the Family Court of Kanawha County's January 23, 2023, order which granted Respondent Kimberly W. sole custody and decision-making authority of the parties' minor child. Kimberly W. filed a timely response in support of the family court's decision.[2] Matthew B. did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Matthew B. and Kimberly W. are the parents of one child, C.B., born November 11, 2019. On September 2, 2022, Kimberly W. filed a petition for child support and allocation of custodial responsibility. The family court entered a scheduling order on November 18, 2022, which required the parties to file parenting plans and financial documentation, complete the mandatory parent education class, and submit to a drug screen. A hearing on the petition for allocation was set for January 11, 2023.

Kimberly W. submitted to the drug screen on January 10, 2023, the day before the hearing. The family court attempted to call Matthew B. on January 10, 2023, to arrange for a drug screen, but he did not answer. When Matthew B. appeared on January 11, 2023, prior to the start of the hearing, he was ordered to immediately submit to a drug screen.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Both parties are self-represented.

The drug screen results showed that Matthew B. tested positive for methamphetamines, amphetamines, and THC. Matthew B. returned to family court after being tested and advised the court that he needed to use the restroom. Instead of using the restroom, Matthew B. left the family court and did not return for the hearing.

The family court proceeded with the hearing on January 11, 2023, without Matthew B.'s participation.[3] Kimberly W. presented unrebutted evidence that Matthew B. had committed domestic violence, threatened to kill Kimberly W., himself, and the child, had posted numerous derogatory comments on social media, had only visited the child two times in 2022, and that he appeared to be under the influence of drugs prior to the hearing. The final order was entered on January 23, 2023, wherein Kimberly W. was granted sole legal and physical custody and sole decision-making. Further, any visitation between the child and Matthew B. would be supervised and at Kimberly W.'s discretion. The family court also noted in its final order that Matthew B. failed to submit the required pleadings or attend the mandatory parenting class. It is from the January 23, 2023, order that Matthew B. now appeals.

Our standard of review in this matter is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Matthew B. failed to assert specific assignments of error; instead, he provided a statement explaining why he chose not to participate in the family court hearing and attempted to rebut the findings of fact included in the final order. We, therefore, combine statements from his brief and address the main issue, which is Matthew B.'s contention that the family court erroneously awarded Kimberly W. sole custody and decision-making authority. *State ex rel. Dillon v. Egnor*, 188 W. Va. 221, 227 423 S.E.2d 624, 630 (1992) (recognizing that " '[w]hen a litigant chooses to represent himself, it is the duty of the trial court [and this Court] to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done [to] an adverse party . . . .'") (citation omitted).

---

[3] The family court actively searched for Matthew B. and discovered that security witnessed him leave the building prior to continuing with the hearing.

In the case at bar, the record reflects that Matthew B. failed to submit pleadings to the family court, tested positive for drugs, and failed to attend the hearing, which left Kimberly W.'s evidence unrebutted. Therefore, we cannot find that the family court abused its discretion by granting Kimberly W. sole custody with decision-making authority. Our state's highest court has held in *Young v. Young*, 194 W. Va. 405, 460 S.E.2d 651 (1995) that a party who does not cooperate in a proceeding cannot complain about the result. *See also Jeffrey S. v. Jennifer S.*, Nos. 11-1453, 12-0200, 2013 WL 310054 (W. Va. January 25, 2013) (memorandum decision) (the Supreme Court of Appeals of West Virginia affirmed the trial court ruling to proceed without the husband at the hearing and the final decision to deny the husband any parenting time).

In addition to Matthew B.'s failure to attend the family court hearing, his brief primarily consists of rebuttals to the family court's findings of fact and unsubstantiated allegations against Kimberly W., all of which he could have offered at the January 11, 2023, hearing. "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a [reviewing] court to the nature of the claims defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). Here, Matthew B. fails to articulate how the family court abused its discretion. As such, we find no basis in law to warrant relief.

Accordingly, based on the foregoing, we affirm the family court's January 23, 2023, order.

Affirmed.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

3