IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**October 28, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**EMANUEL R.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-109**     (Fam. Ct. Cabell Cnty. Case No. FC-06-2008-D-790)

**DANIELLE R.,**
**Petitioner Below, Respondent**

### MEMORANDUM DECISION

Petitioner Emanuel R.[1] appeals the Family Court of Cabell County's February 27, 2024, order on remand denying him shared parenting time and decision-making authority for the parties' child. Respondent Danielle R. responded in favor of the family court's decision.[2] Emanuel R. filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This custody matter was previously appealed and remanded to the family court by a memorandum decision entered on February 8, 2024, with directions to include additional findings of fact.[3] Thus, because that decision contains a detailed factual recitation, we will only briefly discuss the background facts of the case in this decision.

Emanuel R. ("Father") and Danielle R. ("Mother") are the parents of D.R., born October 16, 2007. Early in the child's life, Father had semi-regular visits with D.R. At that time, Father resided in Virginia and Mother resided in Ohio with the child. Visits between Father and the child decreased over time and eventually stopped altogether until a

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Both parties are self-represented.

[3] *See Emanuel R. v. Danielle R.*, No. 23-ICA-335, 2024 WL 1590886 (W. Va. Ct. App. Feb. 8, 2024 (memorandum decision).

1

temporary custody hearing was held in 2014. At that hearing, Father was granted phased-in parenting time via weekly Skype calls. A final custody hearing was held in 2015 but Father failed to appear. At that hearing, the family court held that Father had not meaningfully participated in Skype calls and that if he desired to have future phone calls with the child, he would be required to pay Children First, a social services agency, a fee to monitor the calls prior to a call schedule being reestablished. In 2016, Father filed a petition to modify custody, which was denied because he failed to comply with or appeal the family court's previous order.

In early 2023, Father filed another petition to modify custody and child support, seeking shared decision-making authority, equal custody of the child, and parenting time during the summer and holidays. The modification hearing was held on June 27, 2023. Father appeared by phone and alleged that Mother had alienated him from the child. Mother denied the allegations and informed the family court that D.R. was present and available to speak regarding her desires. Over Father's objection, the family court conducted an in-camera interview with D.R., who was age fifteen at that time. The family court determined that D.R. was sufficiently mature to express her firm and reasonable preference regarding whether she desired to having parenting time with Father. During the interview, she expressed her desire to have no communication with Father, as it had been six years since Father had any contact with her. Additionally, D.R. informed the family court that Mother had never interfered with or discouraged a relationship with Father. The family court held that it was not in D.R.'s best interest to visit Father and that she was mature enough to decide whether she wanted to contact him. Father's petition was denied by order entered on July 10, 2023, and Father appealed to this Court alleging that the final family court order lacked sufficient findings of fact, particularly regarding its deviation from the statutory 50-50 presumption.

This Court entered a memorandum decision remanding the case to family court with directions to enter an amended order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review. The family court entered an amended order on February 27, 2024, which included the following additional findings of fact:

1. Father submitted no proof of parental alienation.
2. There has been no change of circumstances.
3. The 50-50 presumption is rebutted by the firm and reasonable preference of the child, who does not wish to see Father.

It is from the February 27, 2024, order that Father now appeals. When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of
> Appeals of West Virginia, the Intermediate Court of Appeals shall review
> the findings of fact made by the family court for clear error, and the family

court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father raises six assignments of error. Several assignments of error are closely related, which we will consolidate in our review.[4] As his first, third, fourth, and sixth assignments of error, Father asserts that the family court erroneously relied on Mother's evidence, thereby precluding him from having child support retroactively modified and preventing him from receiving monetary compensation due to his allegations of Mother's fraud and misconduct. We disagree. The family court stated in its February 27, 2024, order on appeal that Father had gone a significant period of time without exercising parenting time prior to 2014. The family court entered a temporary custody order granting Father visitation via phased-in Skype calls. After the entry of the 2014 temporary order, Father had difficulty complying with the phased-in Skype calls and did not appear for the final hearing in 2015. In July of 2016, more than a year later, Father filed a petition for modification, but his petition was denied for failing to comply with the family court's previous order. Father filed no pleadings for the next four and a half years, until October of 2021 when he filed a new petition for modification. A hearing was held on his petition in August of 2022, but he failed to appear.

Upon review of the family court's amended order of February 27, 2024, we find no error. Father's brief merely consists of numerous self-serving statements relating to his displeasure with the proceedings below, coupled with allegations against Mother that have repeatedly been found unsubstantiated. Father has consistently failed to appear for hearings and has not complied with the family court's directives, but now argues on appeal that the family court should have given his testimony more weight than that of Mother. Our state's highest court has held that a party who does not cooperate in a proceeding cannot complain about the result. *See Young v. Young*, 194 W. Va. 405, 460 S.E.2d 651 (1995). As such, we find no basis in law to warrant relief on these assignments of error.

As his second assignment of error, Father contends that the family court erred by issuing a new order on remand that lacked sufficient findings of fact and conclusions of law regarding 50-50 parenting. We disagree. West Virginia Code § 48-9-206(d) (2022) states: "[t]he court's order determining allocation of custodial responsibility shall be in writing, and include specific findings of fact and conclusions of law supporting the determination." West Virginia Code § 48-9-209 (2022) provides a non-exclusive list of

---

[4] *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error).

factors a court shall consider when making such findings. One of the factors relevant to this case is found in West Virginia Code § 48-9-209(f)(5)(E) and states that a family court must consider whether 50-50 parenting is "[c]ontrary to the firm and reasonable preferences of a child who is 14 years of age or older." Here, the family court found that D.R. was a pleasant fifteen-year-old at the time of the in-camera interview, sufficiently mature, and able to express her firm and reasonable preference not to have any parenting time with Father due to his lack of involvement over the course of approximately six years. Thus, the family court's factual and legal basis for its decision is clear from its findings of fact and conclusions of law that the 50-50 presumption was rebutted by the child's firm and reasonable preference.

As his fifth and last assignment of error, Father argues that the family court erred by not considering Rule 8(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings regarding the in-camera interview of D.R.[5] After a review of the record, we find that even assuming for the purposes of argument that the findings complained of were erroneous, they were, at most, harmless error because Father failed to show that he suffered prejudice or that his substantial rights were adversely affected by the family court's findings. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error). Father has failed to be involved with D.R. for many years and she expressed her firm and reasonable preference not to have parenting time with him. Therefore, even if remanded on this issue, the outcome would not change, and we find no basis in law to warrant relief.

Accordingly, we affirm the family court's February 27, 2024, order.

Affirmed.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[5] While it does not change the outcome here, we urge family courts to adhere to the procedure outlined in Rule 8 of the Rules of Procedure for Child Abuse and Neglect Proceedings concerning notice, attorney participation, and recording.