IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**October 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JESSICA BAILEY,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-154**  (Fam. Ct. Berkeley Cnty. Case No. FC-02-2020-D-217)

**ROBERT SMITH,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jessica Bailey ("Wife") appeals the Family Court of Berkeley County's March 19, 2025, final contempt order appointing a special commissioner to complete the sale of the parties' marital home. Respondent Robert Smith ("Husband") responded in support of the court's decision.[1] No reply was filed.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Husband and Wife were married on August 11, 2007, and divorced by order entered on July 7, 2020. Pursuant to the divorce order, the marital home was to be placed on the market for sale in June of 2021. Husband was granted exclusive possession of the marital home and was ordered to pay all financial obligations surrounding the home. Upon its sale, the parties were to divide the proceeds equally.

On February 8, 2021, Wife filed a petition for contempt alleging that Husband missed payments on the mortgage which negatively affected her credit. On March 30, 2021, the family court held a hearing on Wife's petition. The court found that Husband had missed two payments, but that he paid them prior to the hearing date and was, therefore, not held in willful contempt.

Regarding the sale of the marital home, on July 31, 2022, Kutai Enterprises, LLC ("Kutai") entered into a contract with Wife to purchase the home for $150,000, with a

---

[1] Wife is represented by Sherman L. Lambert, Sr., Esq. Husband is represented by Cinda L. Scales, Esq.

deposit of $30,000. Kutai allegedly failed to pay the $30,000 deposit, and the sale was not completed at that time.

On October 11, 2022, Wife filed a second petition for contempt alleging that Husband missed three mortgage payments, for a total arrearage of $2,390.97, and that he allowed the home to depreciate. On December 21, 2022, the parties appeared for a hearing on Wife's second petition for contempt. The family court held Husband in willful contempt and ordered him to provide proof of paying the past due payments by the next hearing date, which was scheduled for January 10, 2023. The parties appeared for the status hearing on January 10, 2023, and Husband provided proof that the mortgage payments were current.

At the next hearing, held on March 13, 2023, Husband provided proof that the mortgage payment was paid for that month and requested a sixty-day extension to get the marital home listed for sale. The family court granted his motion. A final hearing was held on the petition for contempt on May 22, 2023, during which Wife testified that she was trying to get a mechanics lien removed and the house would be sold as soon as that process was completed. Husband agreed to have the heating repaired and ensure the home was in a proper condition to be sold. The final order was entered on June 19, 2023, reflecting the parties' testimony as well as closing the case, as it appeared that no issues remained unaddressed.

On March 4, 2024, Husband filed a counter petition for contempt. In his petition, he alleged that Wife's cancellation of the 2022 contract for sale of the marital home to Kutai was willfully and contumaciously in contempt of the court's orders. On April 23, 2024, a hearing was held on Husband's counter petition. The order was entered on May 20, 2024, and stated that the home was still under contract with Kutai and the closing was expected to occur within forty-five days.

Another hearing was held on July 29, 2024. During that hearing, Wife's attorney argued that the contract with Kutai was not a valid agreement because Kutai had failed to pay the $30,000 deposit. The court held that the parties had already litigated the issue of the agreement, pro se, and would not allow it to be relitigated. The court entered its order on August 13, 2024, directing Wife to close on the original contract with Kutai or sign a new contract with Kutai within thirty days. The court further directed that if Wife failed to do so by August 30, 2024, a special commissioner would be appointed to complete the process, and he/she would be paid from Wife's portion of the sale proceeds.[2]

---

[2] West Virginia Code § 48-7-107 (2001) addresses the appointment of a special commissioner and states as follows:

> If an order entered in accordance with the provisions of this article requires the transfer of title to property and a party fails or refuses to execute a deed or other instrument necessary to convey title to such property, the deed or

Wife failed to comply with the court's order. Another hearing was held on September 24, 2024. An order was entered on October 22, 2024, appointing a special commissioner to complete the sale of the home. An amended order was entered on December 25, 2024, reflecting minor changes.

The final contempt hearing was held on January 14, 2025. During that hearing, the special commissioner testified that Kutai provided him with a new contract that included the same terms and conditions as the 2022 version. Wife objected to not being provided a copy prior to the hearing, but the court found her objection to be without merit. Wife also presented a new contract of sale to the court, whereby she was attempting to sell the home to a different buyer for $128,000, a significantly lesser amount than the original contract with Kutai for $150,000. The court inquired whether Wife was trying to get a lesser sale value out of spite toward Husband. Wife provided no reasoning for her attempt to sell the home for less. The family court directed that the home be sold to Kutai. Wife was held in willful and contumacious contempt for her failure to follow the court's orders but the contempt could be purged with her compliance.

On January 24, 2025, Wife filed objections to the entry of a final contempt order, wherein she asserted that the special commissioner strategically and deliberately withheld the new contract from her prior to the last hearing, and that Husband's proposed final order did not include a statement that Wife's counsel objected to "everything that occurred during the hearing." The family court directed counsel to submit an agreed order, but none was received. The final order was entered on March 19, 2025. It is from that order that Wife now appeals. For these matters, we apply the following standard of review.

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Wife raises two assignments of error. However, because they are similar, they will be consolidated. *See generally Tudor's Biscuit World of Am. v. Critchley,* 229 W.

---

other instrument shall be executed by a special commissioner appointed by the court for the purpose of effecting such transfer of title pursuant to section seven, article twelve, chapter fifty-five of this code.

Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly").

Wife asserts that the family court erred by appointing a special commissioner to sell the home to Kutai based upon a void contract and erred in overruling her objections regarding the special commissioner's failure to provide her a copy of the new sales contract prior to the final hearing. We disagree. As stated above, family courts have the authority to appoint a special commissioner to effectuate the sale of property if a party fails to follow the court's orders pursuant to West Virginia Code § 48-7-107. Additionally, under West Virginia Code § 48-5-102 (2001), the family court has the right and authority to "carry its judgment and order into execution." Further, our state's highest court has held in *Young v. Young*, 194 W. Va. 405, 460 S.E.2d 651 (1995) that a party who does not cooperate in a proceeding cannot complain about the result. Here, Wife failed to follow the family court's directives to sell the home to Kutai and attempted to sell it to a different party for over $20,000 less. The special commissioner was appointed due to Wife's failure to comply with the court's directives. As to Wife's argument that the court erred by not ordering the special commissioner to provide a copy of the updated contract to her prior to the hearing, this amounts to harmless error, at most. The record reflects that the only term that was changed in the updated contract with Kutai was the date, which was required by the mortgage company, and Wife failed to show on appeal how her rights were adversely affected by the alleged error. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error). Therefore, we find no error or abuse of discretion by the family court in this matter.

Accordingly, we affirm the family court's March 19, 2025, order.

Affirmed.

**ISSUED:** October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

4