## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**December 4, 2025**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ANDREW BURGESS,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-194**   (Fam. Ct. Jefferson Cnty. Case No. FC-19-2011-D-456)

**DAWN BURGESS,**
**Petitioner Below, Respondent**

### MEMORANDUM DECISION

Andrew Burgess ("Husband") appeals the Family Court of Jefferson County's April 14, 2025, final order reducing his spousal support obligation from $1,000 to $600 per month. Dawn Burgess ("Wife") responded in support of the family court's decision.[1] No reply was filed.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating the family court's decision and remanding the matter for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

By way of background, Husband and Wife were married on December 14, 1985, and were divorced by final order entered on February 27, 2012. Regarding spousal support, West Virginia Code § 48-6-301(b) (2018) provides a non-exclusive list of factors to be considered by the family court. The family court found that the parties had been married nearly twenty-five years, both parties were fifty-two years old, Husband was in good health, Wife had diabetes, Wife earned $23,689 yearly as a school bus driver, and Husband earned $80,000 annually as an electrician.[2] Based on those factors, Husband was ordered to pay Wife $1,000 per month in spousal support, effective February 1, 2012. Spousal support would terminate upon the death of either party or Wife's remarriage and was subject to judicial modification.

---

[1] Husband is represented by Frank M. Aliveto, Esq. Wife is represented by Cinda L. Scales, Esq.

[2] The spousal support factors are set forth in West Virginia Code § 48-6-301(b) (2018).

1

Husband timely paid his spousal obligation each month. On November 21, 2024, at age sixty-five, Husband filed a motion to modify his spousal support obligation, wherein he asserted that he had retired on October 31, 2024, and that his financial circumstances had materially changed. On January 13, 2025, the parties appeared for the first hearing on Husband's motion. The court found that Husband had timely made all payments and owed no arrears. Wife objected to the modification, and the family court granted discovery to both parties.

The final hearing was held on March 27, 2025. Husband argued that the entirety of his income was from a pension retirement that was previously divided by the court for equitable distribution. Husband further argued that both parties' retirement income should be disregarded to prevent double-dipping. Wife argued that she hoped to retire soon and would not be able to do so without Husband continuing to pay her spousal support. Both parties argued that the other party's budgets were inflated. The court made the following findings of fact and conclusions of law:

- Since the entry of the final divorce order, Husband has paid $157,000 to Wife in spousal support payments.
- Husband was sixty-five years old and retired on October 31, 2024.
- The parties were married for twenty-five years.
- After retirement, Husband earned $3,881.00 per month in retirement income.
- Wife earned approximately $3,963 per month from both employment income and retirement income.
- Husband resided with his new wife; Wife resided with her brother, who will be collecting social security income soon.
- Husband paid Wife $27,000 at the time of divorce to equalize equitable distribution.
- Husband had a heart condition and hip surgery; Wife had diabetes.
- Husband met his burden of proof, and his circumstances constitute a substantial change in circumstances.
- Husband's spousal support obligation was reduced from $1,000 per month to $600 per month, effective April 1, 2025.

The final order was entered on April 14, 2025, and is the order from which Husband now appeals. For these matters, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

2

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband asserts two assignments of error. First, Husband contends that the family court erred and abused its discretion by failing to terminate his spousal support obligation after he paid it for thirteen years, is now sixty-five years old, has retired, and Wife now outearns him. Second, Husband asserts that all his monthly income derives from retirement assets that were already divided in equitable distribution. We find that Husband's second assignment of error has merit.[3] West Virginia Code § 48-6-301(b)(5) states as follows:

> That for the purposes of determining a spouse's ability to pay spousal support, the court may not consider the income generated by property allocated to the payor spouse in connection with the division of marital property unless the court makes specific findings that a failure to consider income from the allocated property would result in substantial inequity.

Here, Husband presented evidence and testimony that his current income is from post-divorce earnings from property that had already been equitably distributed during the parties' divorce proceedings. However, the family court failed to make specific findings in accordance with West Virginia Code § 48-6-301(b)(5) regarding whether the failure to consider said income would result in substantial inequity. *See Eldon J.H. v. Mary M.H.*, No. 13-0177, 2014 WL 211959 (W. Va. Jan. 17, 2014) (memorandum decision) (remanding to the circuit court for a specific factual analysis on West Virginia Code § 48-6-301(b)).[4] The Supreme Court of Appeals of West Virginia has remanded insufficient orders, finding that:

---

[3] Due to our decision below to remand for a better order, we find it unnecessary to address Husband's first assignment of error.

[4] The dissent highlights *John M. v. Sharon M.,* No. 21-0377, 2022 WL 3905093 (W. Va. Sept. 21, 2022) (memorandum decision) to distinguish *Eldon J.H.* We note that the family court, circuit court, and Supreme Court of Appeals of West Virginia in the *John M.* decision found that *no substantial change* in circumstances was present to warrant modifying support. In the present case, Wife conceded and the family court found a substantial change in circumstances had occurred and warranted reducing spousal support. We are bound to apply the express language of West Virginia Code § 48-6-301(b)(5), which mandates that a family court shall *not consider* income generated by property allocated to Husband through equitable distribution unless it makes "specific findings that a failure to consider income from the allocated property would result in substantial

to properly review an order of a family court, "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record."). "Where the lower tribunals fail to meet this standard—i.e. making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Province*, 196 W. Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 363-64, 745 S.E.2d 250, 254-55 (2013).

Accordingly, we vacate the family court's April 14, 2025, order and remand this matter to the Family Court of Jefferson County with directions to issue a new order with sufficient findings of fact and conclusions of law, which will facilitate meaningful appellate review should either party elect to file a new appeal. We further direct that the April 14, 2025, order shall be considered a temporary order pending resolution of the matter on remand.

Vacated and Remanded, with Directions.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear

**DISSENTING:**

Judge S. Ryan White

WHITE, J., dissenting:

I dissent from the majority's decision because the family court's April 14, 2025, order not only meets the requirements of West Virginia Code § 48-6-301(b)(5) (2018) but

---

inequity." A cursory review of the family court's order below reveals that no such specific findings were made, and a new order on this issue is necessary for appellate review.

4

also contains sufficient findings of fact and conclusions of law to allow this Court to conduct meaningful appellate review. The majority contends that the order is insufficient for meaningful appellate review because the family court did not include in its order a finding explicitly stating that the failure to consider Husband's retirement income for the purposes of determining his ability to pay spousal support would result in "substantial inequity." A review of the order, the record on appeal, and the applicable law demonstrate otherwise.

As stated in the order on appeal, the family court made six detailed findings of fact "pursuant to West Virginia Code § 48-6-301" in which it addressed the relevant factors it is required to consider in awarding spousal support. These findings demonstrated that the court considered the parties' monthly incomes, including Husband's retirement, or pension benefit, income which was allocated to him in the parties' divorce, sources of income, household income/contributions of others, budgets, and financial need. The family court also made detailed findings regarding the parties' employment status, health, and the length of their marriage. The family court even included the following finding directly related to West Virginia Code § 48-6-301(b)(5) (2018):

> That the Respondent argued that the entirety of his income is pension retirement income, which was subject to equitable distribution, and previously divided by this Court during the Final Hearing. Therefore, the Respondent contends, now counting [his] retirement income against him for spousal support purposes amounts to "double dipping" and that both parties['] retirement incomes should be disregarded, to the extent that there [sic] were previously considered and distributed by the Court.

The family court also included in its order a conclusion of law acknowledging that the law requires the court to "consider the financial needs of the parties, their incomes and income earning abilities and their estates and the income produced by their estates in determining the amount of alimony to be awarded in a modification proceeding" and the factors listed in West Virginia Code § 48-6-301(b)(1)-(20) (2018). Based upon its findings and conclusions, the family court concluded that Husband met his burden of proving a substantial change of circumstances had occurred and granted Husband's petition for modification, in part, reducing his spousal support obligation from $1,000.00 per month to $600.00 per month. Husband, however, had sought the termination of his spousal support obligation.

In addition to language in West Virginia Code § 48-6-301(b)(5) (2018), the majority relies on *Eldon J.H. v. Mary M.H.,* No. 13-0177, 2014 WL 211959 (W. Va. Jan. 17, 2014) (memorandum decision) in support of its decision. However, the facts of *Eldon J.H.* are significantly different from those of the instant appeal. In that case, the petitioner argued "that the family court failed to consider, note, discuss, or analyze the income generated by the assets awarded to [respondent] as well as the loss of income to [petitioner] in violation

of West Virginia Code § 48-6-301(b)(5) . . . ." In reviewing the order on appeal, the Supreme Court of Appeals of West Virginia ("SCAWV") found that "the family court's final order simply states that 'based on the factors as set forth in West Virginia Code § 48-6-301 . . . the [respondent] should be awarded spousal support from [petitioner] until the death of [respondent], the remarriage of [respondent] or the death of [petitioner].'" The SCAWV further found that in the circuit court's order affirming that of the family court, the circuit court had merely found that the "[f]amily [c]ourt judge 'considered the appropriate statutory factors' and did not 'abuse her discretion.'" Accordingly, the SCAWV concluded that "the lower courts failed to appropriately analyze and apply the necessary factors" and reversed the circuit court's order and remanded the case to the circuit court "for a specific factual analysis" pursuant to West Virginia Code § 48-6-301(b).

The orders on appeal in *Eldon J.H.* were skeletal, at best, and contained no analysis of the West Virginia Code § 48-6-301(b) factors, unlike the family court's order in the instant appeal. However, in *John M. v. Sharon M.,* No. 21-0377, 2022 WL 3905093 (W. Va. Sept. 21, 2022) (memorandum decision), the SCAWV faced facts and a family court order more like that on appeal in this matter.

In *John M.*, the parties divorced in 1999 following a twenty-seven-year marriage, and petitioner was ordered to pay respondent spousal support in the amount of $300.00 per month "beginning on June 1, 1999, and continuing until further order of the court, the death of either party, or the wife's remarriage." In 2019, the petitioner, who was then remarried, retired and filed a "motion to eliminate spousal support" claiming "the parties' divorce decree did not allow spousal support to be taken from [petitioner's] separate property, and that [respondent's] portion of his pension [was] more than [respondent's] spousal support payment."[5] The respondent, also retired by that time, argued that there had been no change in circumstances; therefore, the petitioner's motion should be denied.

The family court considered both parties' gross incomes, expenses, the fact that the petitioner shared expenses with his wife, financial need, assets, and ability to pay and included its findings as to these factors in its final order. The family court also included findings that considered these factors, but counting only one-half of the petitioner's income from his pension benefits and ignoring the respondent's pension benefit.[6] The court found that "[u]nder both scenarios, [respondent] [was] still in need of spousal support and [petitioner] [had] more than enough resources from his income to pay spousal support." The family court also found that,

---

[5] In the parties' divorce, the family court awarded respondent a 44.5% share of petitioner's pension benefits earned during their marriage.

[6] The petitioner continued to work following the divorce; therefore, a portion of his gross monthly pension income was earned post-divorce.

[Petitioner] argues that [his] earnings after marriage are separate property. While his earnings are his separate property, [petitioner] misses the mark that his income from retirement is still earnings. Further, [petitioner] argues that [respondent] is "double dipping" in [his] pension if she continues to receive [spousal support]. Quite to the contrary, to require [respondent] to use her portion of the pension penalizes her and provides a windfall to [petitioner].

Accordingly, the family court denied the petitioner's motion to eliminate his spousal support payment.

The petitioner appealed to the circuit court. The circuit court remanded the matter to the family court to determine whether a substantial change of circumstances had occurred that would justify modifying the spousal support obligation. The family court determined that no substantial change of circumstances had occurred warranting the modification of petitioner's $300.00 per month spousal support obligation and denied the petitioner's motion. The petitioner again appealed to circuit court arguing that there had been a substantial change in the parties' needs, the sources of the parties' incomes, the parties' income potential, and that the family court did not consider his argument that West Virginia Code § 48-6-301(b)(5) prohibited the payment of spousal support from pension income. The circuit court again affirmed the family court's order, and, relevant to the instant matter, found the family court correctly addressed the petitioner's West Virginia Code § 48-6-301(b)(5) argument "when it found that (1) despite [petitioner's] pension being his separate property, the income from [petitioner's] retirement was 'earnings' subject to spousal support; and (2) even if half of [petitioner's] pension (the approximate portion earned during the marriage) was ignored, he had an overage of $589.31 per month . . . ."

The petitioner appealed to the SCAWV. In affirming the circuit court (and family court) orders, the SCAWV found that the family court's findings as to the petitioner's monthly income, his ability to pay spousal support, and respondent's income and expenses supported the family court's finding that the respondent had a continuing need for spousal support. Accordingly, the SCAWV concluded that the family court did not abuse its discretion in finding no substantial change in circumstances or needs "justified a decrease in [respondent's] spousal support award." Accordingly, the SCAWV found that the circuit court had not erred.

Nowhere in either *Eldon J.H.* or *John M.* did the SCAWV suggest that West Virginia Code § 48-6-301(b)(5) requires a court to explicitly find that the failure to consider a party's retirement income for the purposes of determining that party's ability to pay spousal support would result in "substantial inequity," or that without such a finding, the order would be rendered insufficient for meaningful appellate review.

7

In *John M.*, the family court and circuit court's findings as to the parties' incomes, expenses, financial need, and ability to pay were the essential findings; these findings answer the "substantial inequity" question. The same is true in the instant appeal. The family court's specific findings as to the parties' incomes, expenses, need, and the ability to pay demonstrate that the failure to consider Husband's income for the purpose of determining his ability to pay spousal support would result in substantial inequity to Wife. The income calculations and the family court's analysis are the crucial findings that answer the "substantial inequity" question; the words "substantial inequity" are not required.

However, to the extent that the final order on appeal is somehow deficient, Husband's counsel drafted the order. The SCAWV has long held that,

> Cases should be decided on the merits, and to that end, justice is served by reasonably accommodating all parties, whether represented by counsel or not. This "reasonable accommodation" is purposed upon protecting the meaningful exercise of a litigant's constitutional right of access to the courts. Therefore, ultimately, the pro se litigant must bear the responsibility and accept the consequences of any mistakes and errors.

*Blair v. Maynard*, 174 W. Va. 247, 253, 324 S.E.2d 391, 396 (1984) (emphasis added). The same is true for counsel. Further, the general principles of judicial economy prohibit granting relief to the party who, after creating the problem, now seeks relief. *See Young v. Young*, 194 W. Va. 405, 409, 460 S.E.2d 651, 655 (1995). The party who caused the error should not be advantaged on appeal by that same error. *Id*.; *see also Comer v. Ritter Lumber Co.,* 59 W. Va. 688, 689, 53 S.E. 906, 907 (1906) (finding that one of the parties "has invited the error and must accept its results.").

The final order and the record on appeal demonstrate that the family court recognized the failure to consider Husband's pension/retirement income in determining spousal support would result in substantial inequity to Wife and made findings consistent with this understanding. Moreover, the evidence presented, as contained in the record, supports the family court's findings. Accordingly, this Court should not disturb the order of the family court.

For these reasons, I respectfully dissent.